JOHN GLENN, as Trustee, etc., Appellant, v. ROBERT A.
LANCASTER et al., Respondents.

Where an action is based upon contract and the only relief demanded or sought is for money, it is, under the Code of Civil Procedure (§ 968), triable by a jury, and a refusal of a jury trial is error.

(Argued April 10, 1888; decided April 17, 1888.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 23, 1887, which affirmed an order, the nature of which is set forth in the opinion, which is given in full.

" The defendants noticed this cause for trial at a Special Term and placed it upon the Special Term calendar. The plaintiff thereupon moved that the cause be struck from that calendar upon the ground that the issues joined in the action were triable by a jury. The motion was denied and then the plaintiff appealed to the General Term, and from affirmance there to this court. The complaint did not claim any equitable relief nor set forth any cause of action entitling the plaintiff to equitable relief. The only judgment demanded was for a sum of money ; and hence, under section 968 of the Code, the action was triable by a jury. It is strictly a common-law action to recover certain assessments, alleged to have been made by the decrees of a Virginia court having jurisdiction, on account of unpaid subscriptions to stock held by the defendants in the National Express and Transportation Company. The theory of the complaint is that the defendants, as stockholders, became legally bound by virtue of the proceedings in the Virginia courts to pay the assessments made, and no manner of equitable relief is sought.

It is not for us now to determine that upon the facts alleged the plaintiff can succeed in the action as one at law to recover a sum of money only. It is certainly difficult to perceive how, with this complaint and these parties, this action could successfully proceed as one in equity. All that we determine is that in form and substance the action is based upon contract, express or implied, and is to recover a sum of money only, and that, therefore, under the section cited it should have been brought to trial at a jury term. The section of the Code provides that every issue of fact must be tried by a jury unless a jury trial is waived or a reference is directed 'in an action in which the complaint demands judgment for a sum of money only.' We know of no exception that can be engrafted upon this provision. While in equity actions relief may sometimes be granted by a judgment for money only, yet where that is the only relief

demanded, and no other relief is sought, the case is brought within the section and the action must be tried before a jury.

"The orders of the General and Special Terms should, therefore, be reversed, and the motion granted, with costs of appeal to the General Term and to this court."

*Burton N. Harrison* for appellant.

*W. W. Mac Farland* for respondents.

EARL, J., reads for reversal of orders of General and Special Terms, and for granting motion.

All concur.

Ordered accordingly.