and work done, for which it alleged defendant promised to pay an agreed price and it contained allegations as to an account stated between the parties, and prayed judgment for the balance. The court granted a motion for a reference, on condition that plaintiff should strike from the complaint all allegations as to an account stated, and proceed solely on the allegations as to the sale and delivery of the goods and the rendition of the services. From the granting of this order defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Franklin Bien,* for appellant.    *Henry De Forest Weekes, (John A. Weekes, Jr.,* of counsel,) for respondents.

VAN BRUNT, P. J.    We are of the opinion tnat the court had no power in the same order to direct an amendment of the complaint and order a compulsory reference.    The defendant had a right to answer the amended complaint. Under the complaint as originally framed the plaintiff could certainly have claimed the right to prove an account stated.    By the amendment this cause of action was eliminated, and one upon a *quantum meruit* substituted.    This new cause of action the defendant had a right to meet by a new pleading. If it be claimed that there was also a count in the complaint for goods sold and delivered, and that that remained, it is to be observed that in connection with that count the plaintiff claimed that the price of goods delivered had been agreed upon, and that this allegation was stricken out in the order of reference, and another substituted in its place, alleging what was the reasonable value therefor.    An entirely new issue was thus tendered to the defendant, and his right of answer could not be taken away, and before issue joined no reference can be made.    The order should be reversed, with $10 costs and disbursements.    All concur.

---

## BOWERY BANK *v.* MARTIN *et al.*

*(Supreme Court, General Term, First Department.    October 16, 1891.)*

JURY TRIAL—RIGHT TO—ACTION TO RECOVER MONEY.

Under Code Civil Proc. N. Y. § 968, providing that, in actions in which the complaint demands judgment for a sum of money only, the issues of fact must be tried by a jury, an action against executors of a deceased partner, to recover from his estate the amount of promissory notes made by the firm, on the ground that the surviving partners are insolvent, is properly placed on the circuit calendar for trial by a jury. *Glenn* v. *Lancaster,* 109 N. Y. 641, 16 N. E. Rep. 484, followed.

Appeal from special term, New York county.

Action by the Bowery Bank of New York against Mahlon C. Martin and others, as executors of Christopher Meyer, deceased.    The complaint alleged that said Christopher Meyer, Henry S. Ives, and George H. Stayner had been copartners under the firm name of Henry S. Ives & Co., and that said Ives and Stayner, the surviving partners, were utterly insolvent and unable to pay their debts; and it set forth two promissory notes made by the firm, and alleged that a certain sum of money was due to plaintiff on each of said notes, and demanded judgment for the amount thereof.    The answer was a general denial.    Plaintiff placed the cause on the general circuit calendar for trial by jury, but afterwards placed it on the special term calendar for trial as an equity action, and on his motion an order was made striking the case from the circuit calendar.    From that order defendants appeal.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Lawrence & Waehner, (L. C. Waehner,* of counsel,) for appellants.    *Abram Kling,* for respondent.

PER CURIAM.    In this action the complaint demands judgment for a sum of money only.    In the case of *Glenn* v. *Lancaster,* 109 N. Y. 641, 16 N. E. Rep. 484, the court state that section 968 provides that every issue of

fact must be tried by a jury unless a jury trial is waived, or a reference directed, "in an action in which the complaint demands judgment for a sum of money only."[1] We know of no exception that can be ingrafted upon this provision. While, in equity actions, relief may sometimes be granted by judgments for money only, yet, where that is the only relief demanded, and no other relief sought, the case is brought within the section, and the action must be tried before a jury. This decision covers the case at bar, and is controlling upon us, the complaint in this action demanding judgment for a sum of money only. The order should therefore be reversed, with $10 costs and disbursements, to abide the event, and the case remitted to the circuit. All concur.