RICHARD J. SHIPPEY, Appellant, *v.* WILLIAM BERKEY, Respondent.
RICHARD J. SHIPPEY, as Administrator of the Estate of CAROL A. SHIPPEY, Deceased, Appellant, *v.* WILLIAM BERKEY, Respondent.

Third Department, November 10, 1958.

*Lusk, Folmer, Ryan & Fenstermacher (Paul J. Yesawich, Jr.,* of counsel), for appellant.

*Hancock, Dorr, Ryan & Shove (John F. Gates* and *Edward Rook* of counsel), for respondent appearing specially.

BERGAN, J. Venue in these actions for wrongful death and personal injuries is laid in Cortland County in the Sixth Judicial District. Defendant, who is a nonresident of New York, was not personally in the State at the time of accident. The summons was served in accordance with section 52 of the Vehicle and

Traffic Law, and personal jurisdiction of defendant depends on whether his vehicle was being operated with his permission at the time described in the complaints.

Defendant, making a special appearance, moved at the Onondaga Special Term to vacate the service of the summons in pursuance of section 237-a of the Civil Practice Act. The motion having been granted without a hearing, the order was reversed on a prior appeal (4 A D 2d 739). This court held that in view of the factual issues raised on the motion there should have been a hearing within the scope of subdivision 3 of section 237-a. The Justice before whom the motion was originally returnable at the Onondaga Special Term thereupon ordered that a hearing be held before the court without a jury at the Onondaga Trial Term, Part 3, at Syracuse. Plaintiff now appeals from that order.

The issue of jurisdiction under section 237-a of the Civil Practice Act upon the special appearance of a defendant is " raised by a motion " (subd. 1). A motion in the Supreme Court on notice may be made in the judicial district in which the action is triable or in a court in another judicial district adjoining the county in which it is triable. (Rules Civ. Prac., rule 63, subd. 1.) Since Onondaga is in the Fifth District, but adjoins Cortland, the motion was properly made returnable before the Onondaga Special Term.

But in the present state of the case there is " an issue of fact " in an action to be tried either by the court or a jury; and such an issue, as distinguished from the determination of a motion, with some exceptions not here material, must be tried in the county of residence of a party or in a county in the same judicial district as that county (Civ. Prac. Act, §§ 182, 185).

The scheme of practice does not seem to give sanction to a trial of an issue of fact without mutual consent of the parties in a county in a judicial district differing from that of the venue of the action; and the Onondaga Special Term, which properly had the motion before it, should have directed the trial of the factual issue at a Special or Trial Term in Cortland County.

Whether the trial of this issue is to be before the court; or the court and a jury; or before a referee, is left by us, as the statute leaves it, to the discretion of the Cortland Special Term. The statute allows room for any of these alternatives. (Civ. Prac. Act, § 237-a, subd. 3, pars. [a], [b].)

On this preliminary and narrow jurisdictional issue which essentially determines the validity of the special appearance of the defendant, the parties are not entitled as a matter of constitutional right to a jury trial on the question of defendant's permission to use his car. The only result of such a determina-

tion is whether defendant was constructively in New York at the time of service of process and hence whether personal jurisdiction of him has been obtained. This will not decide the merits of whether such a permission was given as would incur a liability if there were jurisdiction.

The provision enacted in 1951 (L. 1951, ch. 729) authorizing the trial of an issue of fact under section 237-a before a jury stemmed from objection to the amendment prepared by the Judicial Council and published in its Sixteenth Annual Report (1950, p. 189 *et seq.*), as further explained in its Seventeenth Annual Report (1951, p. 58 *et seq.*). It was not a constitutional need that prompted this provision, but an additional and discretionary facility for determining jurisdictional facts. It may be noted, for example, that the words "trial by a jury or referee" are linked together in the statute without distinction (subd. 3, par. [b]).

A determination against the defendant on the jurisdictional question would not be an adjudication that defendant had given such a permission as to incur a liability. On this substantive issue in the action, upon which judgment will ultimately come to rest, both parties would be entitled to a trial by jury. (*Travelers Ind. Co.* v. *Burg,* 253 App. Div. 43; *Crawford* v. *Nilan,* 246 App. Div. 46, revd. on other grounds 289 N. Y. 444; see, generally, on this subject *Smith* v. *Western Pacific Ry. Co.,* 203 N. Y. 499.)

And an adjudication on the jurisdictional question in favor of defendant that he had not given permission to use his car and hence that the special appearance be sustained would certainly not be a conclusive adjudication on the merits of liability based on permissive use in an action that might be in another State in which personal jurisdiction of defendant had been obtained.

The order should be modified by directing that the trial of the issue of fact on defendant's jurisdictional objection be tried before the court in Cortland County in accordance with the direction of the Trial or Special Term of that county; and as thus modified affirmed, with $10 costs to appellant.

FOSTER, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order modified by directing that the trial of the issue of fact of defendant's jurisdictional objection be tried before the court in Cortland County in accordance with the direction of the Trial or Special Term of that county; and as thus modified, affirmed, with $10 costs to appellant.