■ ELIZABETH TIGUE et al., Respondents, v E. R. SQUIBB & SONS, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered

July 23, 1987, denying the motions of defendants Rexall, Upjohn and Abbott, pursuant to CPLR 3212, for summary judgment dismissing the plaintiffs' complaints, unanimously affirmed, without costs.

Seven drug manufacturers appeal from a well-reasoned determination which denied exculpation based on their claim that they were not the manufacturer of the drug known as diethylstilbestrol (DES), allegedly ingested by the mothers of the plaintiffs. The history of DES is well documented in a previous opinion of this court, *Bichler v Lilly & Co.* (79 AD2d 317).

The underlying problem presented is which of the many manufacturers of this unpatented drug should be held culpable, where it cannot be definitively determined which company manufactured the pills ingested by the plaintiffs' mothers.

In the 1987 Cumulative Supplement to his treatise, 1 New York Products Liability § 8:07, Michael Weinberger succinctly analyzes the present state of the law under the heading "Enterprise Liability":

"In Bichler v. Eli Lilly & Co.,* the Court of Appeals affirmed a plaintiff's verdict, which was based on a concerted action theory. However, the Court did *not* decide the validity of a cause of action based on concerted action in DES cases. The court stated that because defendant did not object to the trial court's instructions on concerted action, this theory became the law of the case, and was not preserved for appellate review. Hence, the court took no position on the question of whether New York recognizes a cause of action based on concerted action.

"In a later related DES case, the Court of Appeals again took *no* position on whether the theory of concerted action (or other related theories) should be adopted in DES cases. The court held only that the Bichler jury finding of concerted action was not entitled to collateral estoppel effect, because the issue of concerted action was not actually contested in the trial judge's jury charge in the earlier case.** Therefore, New York still has no position on whether a cause of action in DES cases can be based on concerted action.

"*9.50 Bichler v. Eli Lilly & Co., 55 NY2d 571, 450 NYS2d 776, 436 NE2d 182 (1982)

"**9.60 Kaufman v. Eli Lilly & Co., 65 NY2d 449, 492 NYS2d 584, 482 NE2d 63 (1985)."

As noted by Justice Gammerman, the law in this depart-

ment clearly recognizes the concerted action theory. *(Bichler v Lilly & Co., supra,* 79 AD2d, at 328-329.) There is, however, still a question of whether exculpation is available to those drug manufacturers who can clearly establish that they could not have been the purveyor of the drug to a particular plaintiff, which question is also significant in the many other DES cases presently pending in the courts. For example, it was testified that hard, small, white tablets were ingested by Mrs. Tigue. It is contended that because a different colored pill was marketed, there is no liability. Another defendant contends that it sold only to its licensed franchisees and, therefore, inasmuch as the pills in question were purchased at a specific pharmacy which was not one of its franchisees, there should be no liability. Another defendant postulates that it did not sell in the east and so could not have been the purveyor to these plaintiffs. Still another defendant contends that it did not market DES for pregnancy-related purposes.

Basic to any determination is the question of whether exculpation should be permitted at all. However, in view of the fact that the Court of Appeals has, in two instances, left the question of concerted action open, we should now permit a complete trial record to be developed, so that when the matter is finally determined, there will be no question as to the factual details. Concur—Kupferman, J. P., Asch, Rosenberger, Ellerin and Smith, JJ. *[See,* 136 Misc 2d 467.]