**Susan SANDBERG, Joel Sandberg, Plaintiffs–Appellants,**

v.

**WHITE LABORATORIES, INC., A DIVISION OF SCHERLING CORPORATION, a New Jersey Corp., Defendant–Appellee.**

No. 820, Docket 88–7971.

United States Court of Appeals, Second Circuit.

Argued Feb. 16, 1989.

Decided March 13, 1989.

---

William D. Fireman, New York City (Alfred S. Julien, Julien & Schlesinger, P.C., New York City, of counsel), for plaintiffs-appellants.

Jeffrey Silberfeld, Uniondale, N.Y., (Henry R. Simon, White Plains, N.Y., James B. Rather, Eugene S.R. Pagano, Rivkin, Radler, Dunne & Bayh, Uniondale, N.Y., of counsel), for defendant-appellee.

Before LUMBARD and MINER, Circuit Judges, and SPRIZZO, District Judge.*

PER CURIAM:

Sometime during 1951–1952, the mother of plaintiff-appellant Susan Sandberg, while pregnant with Susan, ingested dienestrol ("DEN"), a drug manufactured by defendant-appellee White Laboratories, Inc. ("White"). Years after her birth, Susan developed a damaged cervix uteri and became sterile.

Susan and her husband Joel commenced this action on March 7, 1987 in New York State Supreme Court, seeking to recover damages for the injuries to Susan and the consequent loss of conjugal services sustained by Joel, which they assert were caused by the DEN that Susan's mother ingested. The action was removed to the United States District Court for the Southern District of New York on the basis of diversity of citizenship. An earlier action predicated on identical claims, filed by the Sandbergs in the United States District Court for the District of New Jersey in 1981, had been dismissed as time-barred under New York's statute of limitations, N.Y.Civ.Prac.L. & R. 214(5) (McKinney Supp.1989) (as amended).

The Sandbergs urge that the present action is revived by the New York toxic tort revival statute, N.Y.Laws 1986, ch. 682, § 4, *reprinted in* N.Y.Civ.Prac.L. & R. note fol. 214–c (McKinney Supp.1989) ("revival statute"), enacted in 1986. The district court granted White's motion for summary judgment on October 26, 1988 and dismissed the complaint on the ground that the revival statute did not cover actions resulting from exposure to DEN. We affirm.

The revival statute resuscitated, for a one-year period, claims for injuries "caused by the latent effects of exposure to diethylstilbestrol ['DES'], tungsten-carbide, asbestos, chlordane or polyvinylchloride." *Id.* Though DEN is not mentioned in the statute, the Sandbergs claim that it is so nearly identical to DES as to be indistinguishable for purposes of the statute. They note that both DEN and DES are synthetic estrogens, that the purpose, potency and detrimental effects of both are the same and that the molecular structures of both drugs, with the exception of two additional hydrogen atoms in DES, are equivalent.

We decline to give the statute any broader meaning than is mandated by its plain words. DEN and DES, though similar, are different drugs with distinct characteristics. Each has its own unique chemical structure, and each is listed as a separate designation.

* Hon. John E. Sprizzo, United States District Judge, Southern District of New York, sitting by

drug in the *United States Pharmacopeia* (21st rev.1985) and *National Formulary* (16th ed. 1985), which are official compendia under New York law, *see* N.Y.Educ.L. § 6802(3), (4) & (6) (McKinney 1985). Moreover, New York law prohibits a manufacturer or pharmacist from labeling one drug as the other. *See id.* § 6815(2)(h)(3).

Even if the statutory language were not so clear, the legislative history would lead us to the same result. The revival statute is "a result of compromise between the Assembly (which had voted to permit revival for all toxic substances) and the Senate which wanted to limit revival." *Hymowitz v. Eli Lilly & Co.*, 136 Misc.2d 482, 484, 518 N.Y.S.2d 996, 998 (Sup.Ct.1987), *aff'd mem.* 139 A.D.2d 437, 526 N.Y.S.2d 922 (1st Dep't 1988) (appeal pending). The legislature rejected revival bills containing broad language—"diethylstilbestrol and other synthetic estrogens"—that would have embraced DEN claims. Because the legislature excluded by the final version all "other synthetic estrogens," it surely intended that the statute not apply to DEN. The revival statute adopted simply is inapplicable to DEN. *See Donovan v. White Laboratories, Inc.*, No. 87–CV–1093 (N.D. N.Y. Feb. 19, 1988).

That New York courts have construed the statute narrowly lends further support to our conclusion. *See, e.g., Soberman v. Eli Lilly & Co.*, N.Y.L.J., Mar. 22, 1988, at 13, col. 1 (Sup.Ct.N.Y.County Mar. 22, 1988), *reprinted in* DES Litigation Rep. (Andrews) 11,162 (class certification refused where members of class would not individually meet filing requirements; "[i]f there is to be an extension, it must be created by statute"), *appeal dismissed,* No. M–4765 (1st Dep't Jan. 24, 1989) (LEX-IS, States library, NY file).

In sum, we hold that New York's toxic tort revival statute, which by its terms revives actions for injuries caused by DES, does not revive actions for injuries caused by DEN. The judgment of the district court therefore is affirmed.