(August 13, 1990)

■ LINDA ALTESMAN et al., Respondents, v ELI LILLY & COMPANY, Appellant.—In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated May 15, 1989, as granted those branches of the plaintiffs' motion which were to compel it to respond to items numbered 3 (e), 3 (f), 22 (c), and 51 of their interrogatories, and denied those branches of its cross motion which were to strike those items of the plaintiffs' interrogatories.

Ordered that the order is modified, by (1) deleting the provisions thereof which granted so much of those branches of the motion which were to compel the defendant to respond to so much of items numbered 3 (e), 3 (f), 22 (c) and 51 of the plaintiffs' interrogatories as requested information for the years 1951 through 1971, and substituting therefor provisions denying so much of those branches of the motion as requested information for the years 1951 through 1971, and (2) deleting the provisions thereof denying so much of those branches of the cross motion which were to strike so much of those same interrogatories as requested information for the years 1951 through 1971, and substituting therefor provisions granting so much of those branches of the cross motion which were to strike so much of those same interrogatories as requested information for the years 1951 through 1971; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs Richard Altesman and Linda Altesman are husband and wife. The plaintiff Helen Sanders is Linda Altesman's mother. The complaint alleges that as a result of ingestion of diethylstilbestrol (hereinafter DES) by Sanders during her pregnancy with Linda Altesman in 1949 and 1950, Linda Altesman "developed certain anatomical abnormalities, deformities and injuries as well as permanent infertility, hemi-uterus, miniaturized and infantile deformed uterine cavity, tubal occlusion, endometriosis and inability to have children". The plaintiffs seek damages as a result, *inter alia,* of the defendant's negligent testing, manufacturing, production, and distribution of DES.

At issue in this appeal is the plaintiffs' request that Lilly produce information relating to the appearance of its DES drug and its packaging for the years 1947 through 1971.

CPLR 3101 (a) provides that "[t]here shall be full disclosure

of all evidence material and necessary in the prosecution or defense of an action." "This provision has been liberally construed to require disclosure where the matter sought will 'assist preparation for trial by sharpening the issues and reducing delay and prolixity' * * * Thus, restricted only by a test for materiality 'of usefulness and reason' * * * pretrial discovery is to be encouraged" *(Hoenig v Westphal,* 52 NY2d 605, 608, quoting from *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). " ' "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered 'evidence material * * * in the prosecution or defense' " ' " *(Allen v Crowell-Collier Publ. Co., supra,* at 407, quoting from CPLR 3101 [a]). However, "[t]he court may at any time * * * make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]).

The plaintiffs have failed to establish the materiality of the information sought with respect to the years 1951 through 1971 (the years following the plaintiff Linda Altesman's birth), and thus are, not entitled to that information. We find that the information with respect to the years 1947 through 1950 is material to this action. Disclosure of that information fosters the policy behind liberal disclosure, to wit, "sharpening the issues and reducing delay and prolixity" *(Allen v Crowell-Collier Publ. Co., supra,* at 406). The defendant asserts its concern, however, that production of the information will encourage the plaintiffs here, and the plaintiffs in other actions, to tailor their testimony so that their descriptions of the DES they ingested will conform with the appearance of the defendant's product. We note that the depositions of the plaintiffs have been completed, that the information sought, relating to the years 1947 through 1950, was actually produced subsequent to those depositions, and that the plaintiffs' counsel has executed a stipulation providing that "no aspect or part of the physical description of the [defendant's] DES product which is produced pursuant to this Order will be disclosed to or shared with any other client of this firm * * * or * * * with other law firms". Under those constraints, the information for the years 1947 to 1950 was properly ordered produced *(see, Wind v Lilly & Co.,* 164 AD2d 885 [decided herewith]). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.