■ JANICE WIND et al., Respondents, v ELI LILLY & COMPANY, Appellant, et al., Defendants.—In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant Eli Lilly & Company appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated July 5, 1989, as denied those branches of its cross motion which were to strike items numbered 3 (e), 3 (f), 22 (c), and 50 of the plaintiffs' interrogatories.

Ordered that the order is modified, by (1) deleting the provisions thereof which denied so much of those branches of the cross motion which were to strike so much of items numbered 3 (e), 3 (f), 22 (c), and 50 of the plaintiffs' interrogatories as request information for the years 1951 through 1971, and substituting therefor a provision granting so much of those branches of the cross motion, (2) adding a provision that production of the information for the years 1947 through 1950 is deferred until completion of all depositions in the action, and (3) adding a provision directing counsel for the plaintiffs to execute a stipulation that "no aspect or part of the physical description of the Eli Lilly & Company DES product which is produced pursuant to this order will be disclosed to or shared with any other client of this firm or any other law firm"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs Errol Wind and Janice Wind are husband and wife. The plaintiff Edith Morris is Janice Wind's mother. The complaint alleges that as a result of ingestion of diethylstilbestrol (hereinafter DES) by Morris during her pregnancy with Janice Wind in 1950, Janice Wind "developed certain anatomical abnormalities, deformities, and injuries as well as clear cell adenocarcinoma of the cervix requiring a radical hysterectomy including other injuries". The plaintiffs seek damages as a result, *inter alia,* of the appellant's negligent testing, manufacturing, production, and distribution of DES.

At issue in this appeal is the plaintiffs' request that the appellant produce information relating to the appearance of its DES and packaging for the years 1947 through 1971.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action." "This provision has been liberally construed to require disclosure where the matter sought will 'assist preparation for trial by sharpening the issues and reducing delay and prolixity' * * * Thus, restricted only by a test for materiality 'of usefulness and reason' * * * pretrial discovery is to be encouraged" *(Hoenig v Westphal,* 52 NY2d 605, 608, quoting from *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). " ' "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered 'evidence material * * * in the prosecution or defense' " ' " *(Allen v Crowell-Collier Publ. Co., supra,* at 407, quoting from CPLR 3101 [a]). However, "[t]he court may at any time * * * make a protective order denying, limiting,

conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]).

The plaintiffs have failed to establish the materiality of the information sought with respect to the years 1951 through 1971 (the years following the plaintiff Janice Wind's birth), and are, thus, not entitled to that information. We find that the information with respect to the years 1947 through 1950 is material to this action and will foster the policy behind liberal disclosure, to wit, "sharpening the issues and reducing delay and prolixity" *(Allen v Crowell-Collier Publ. Co., supra,* at 406). However, to alleviate the appellant's fear that the plaintiffs will be encouraged to tailor their testimony so that their descriptions of the DES ingested by Edith Morris will conform with the appearance of the appellant's product, the appellant need not disclose the information until the completion of all depositions in the action. Additionally, to counter the appellant's concern that the plaintiffs in other unrelated cases will be similarly encouraged to tailor their testimony, counsel for the plaintiffs proposed execution of a stipulation providing that "no aspect or part of the physical description of the Eli Lilly & Company DES product which is produced pursuant to this Order will be disclosed to or shared with any other client of this firm or with any other law firm" *(see, Altesman v Lilly & Co.,* 164 AD2d 876 [decided herewith]). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.