In the Matter of NEW YORK COUNTY DES LITIGATION.

First Department, May 28, 1991

**APPEARANCES OF COUNSEL**

*Leonard L. Finz, P. C.,* of counsel *(Stuart L. Finz* with him

on the brief), for DES Liaison Committee, plaintiffs-appellants.

*Russel H. Beatie, Jr.,* of counsel *(Kenneth J. King, Philip J. Miller, Edward S. Weltman* and *Joanne M. Gray* with him on the brief; *Brown & Wood,* and *Schneck Weltman & Hashmall,* attorneys), for Eli Lilly & Company and another, defendants-respondents.

*Jay P. Mayesh* of counsel *(William A. Rome, Mark S. Cheffo, Marc S. Klein, Anna Waldherr, Henry R. Simon* and *Ellen Hoffer* with him on the brief; *Stroock & Stroock & Lavan; Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross; Kelly, Tobias, Turner & Stewart;* and *Henry R. Simon,* attorneys), for The Upjohn Company and others, defendants-respondents.

*Theodore V. H. Mayer* of counsel *(Robb W. Patryk* with him on the brief; *Hughes Hubbard & Reed,* attorneys), for Merck & Co., Inc., defendant-respondent.

*Sheila Weinstein* of counsel *(Bivona & Cohen, P. C.,* attorneys), for Rowell Laboratories Inc. and others, defendants-respondents.

### OPINION OF THE COURT

ASCH, J.

Plaintiffs on this appeal take issue with that portion of decretal paragraph 9 of the order which directed that: "[a]ll complaints are hereby deemed amended so as to replace allegations of joint and several liability (and collective theories of liability) with allegations of several liability as defined by the decision in *Hymowitz v. Eli Lilly and Company* [73 NY2d 487, *cert denied* — US —, 110 S Ct 350] without further need of motion practice."

Plaintiffs assert that the IAS court's decision to dismiss causes of action based on a concerted action theory was not in accordance with the Court of Appeals' decision in *Hymowitz (supra).* Plaintiffs also contend that they cannot be precluded from pleading and proving a concerted action theory of liability simply because no agreement has been proven in previous DES actions.

The Court of Appeals in *Hymowitz (supra)* was squarely confronted with the issue of the theory of liability under which DES litigants in New York could proceed where the

identification of the drug manufacturer that injured plaintiff was impossible. In an opinion by Chief Judge Wachtler, the court determined that in actions to recover damages for injuries sustained by plaintiffs due to their mothers' ingestion during pregnancy of the drug DES, the doctrine of concerted action, in its purest form, does not supply a basis for recovery where identification of the producer of the specific drug that caused the injury is impossible. Although the court acknowledged that the concerted action doctrine provides for joint and several liability on the part of all defendants having an understanding, express or tacit, to participate in a common plan or design to commit a tortious act, the court concluded there was nothing in the record beyond the drug companies' extensive parallel conduct in developing and marketing DES to show any agreement to market the drug without taking proper steps to insure the drug's safety. Thus, mere "parallel activity" of drug manufacturers was deemed insufficient to establish the agreement element necessary to maintain a concerted action claim (supra, 73 NY2d, at 506-507). The court then considered the DES litigation that has arisen in other jurisdictions on the issue of how to fairly and equitably apportion the loss occasioned by DES and held (at 508-509): "Now given the opportunity to assess the merits of [concerted action], we decline to adopt it as the law of this State. * * * [I]t potentially renders small manufacturers, in the case of DES and in countless other industries, jointly liable for all damages stemming from the defective products of an entire industry".

The court believed it was necessary to hold the liability of DES producers to be several only and avoid extending the theory of concerted action to DES cases because its concomitant requirement of joint and several liability expanded the burden of small manufacturers beyond a rational and fair limit (supra, 73 NY2d, at 513, n 3). Thus, while the Court of Appeals was cognizant of the application of the concerted action theory in New York in certain types of cases, for practical and public policy reasons, it specifically chose not to extend it to DES actions brought in New York when the identification of the producer of the specific drug that caused the injury is impossible.

Based on a fair reading of the Hymowitz decision, and the doctrine of "stare decisis", the IAS court properly proceeded to direct amendment of all of the pleadings to reflect the theory

of liability that may now be espoused in the DES litigation in New York.

Accordingly, the case management order of the Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 6, 1990, which, *inter alia,* directed amendment of all complaints in the DES cases venued in New York County to replace allegations of joint and several liability (and collective theories of liability) with allegations of market share several liability, should be affirmed, without costs or disbursements.

CARRO, J. P., MILONAS, KASSAL and RUBIN, JJ., concur.

Case management order, Supreme Court, New York County, entered on or about March 6, 1990, affirmed, without costs and without disbursements.