# In the Matter of DES MARKET SHARE LITIGATION.

Fourth Department, November 15, 1991

### APPEARANCES OF COUNSEL

*Julien & Schlesinger, P. C. (William D. Fireman* and *Stuart A. Schlesinger* of counsel), for appellants.

*Goodwin, Procter & Hoar (Kenneth A. Cohen* and *Marshall Simonds* of counsel), for Eli Lilly and Company, respondent.

*Lester, Schwab, Katz & Dwyer (Kenneth A. Cohen, Allan Fudim* and *George Greene* of counsel), for Burroughs Wellcome Co. and others, respondents.

*Donovan, Leisure, Newton & Irvine (Kenneth A. Cohen* of counsel), for Lederle Laboratories, respondent.

*Costello & Shea (Kenneth A. Cohen* of counsel), for American Home Products and others, respondents.

*Clark, Landner, Fortenbaugh & Young (Kenneth A. Cohen* and *Mark G. Lionetti* of counsel), for Kremers-Urban Company, respondent.

*Martin, Clearwater & Bell (Kenneth A. Cohen* of counsel), for Carnrick Laboratories, Inc., respondent.

*Sedgwick, Detert, Moran & Arnold,* and *Stroock & Stroock & Lavan (James T. Conlon, David M. Covey* and *B. Carol Lenti* of counsel), for Upjohn Company, respondent.

### OPINION OF THE COURT

Boomer, J.

Plaintiffs commenced separate actions to recover money damages for personal injuries sustained as a result of their

mothers' ingestion during pregnancy of the drug diethylstilbestrol (DES). The trial court, to whom these numerous actions were assigned, consolidated the actions and severed the issue of "market share" *(see, Hymowitz v Lilly & Co.,* 73 NY2d 487, *cert denied* 493 US 944) for a separate trial. Plaintiffs appeal from a subsequent order denying their motion requesting that the issue of market share be tried by jury. We agree with plaintiffs that they have a right to a jury trial on the issue of market share.

Our State Constitution provides that "[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever" (NY Const, art I, § 2). As the Court of Appeals has noted, "all cases afforded a jury trial under the common law prior to 1777 and all cases to which the Legislature extended a right to a jury trial prior to 1894 come within the present constitutional guarantee in article I, § 2" *(Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 181). Before 1777, a jury trial was afforded where the nature and substance of the relief requested was legal rather than equitable *(supra,* at 181). An action requesting money damages for personal injuries requests legal relief; thus, under the State Constitution, the parties to the action are entitled to a jury trial.

Defendants contend that plaintiffs are not entitled to a jury trial of the market share issue because the Court of Appeals, in adopting the market share theory, created an equitable remedy to permit plaintiffs to recover even though they are unable to prove which defendant manufactured the DES ingested by their mothers. Contrary to defendants' contention, the court has not created a new equitable remedy, but has modified a legal cause of action by changing the rules of personal injury liability in order "to achieve the ends of justice in a more modern context" *(People v Hobson,* 39 NY2d 479, 489; *see also, Hymowitz v Lilly & Co., supra,* at 507; *Codling v Paglia,* 32 NY2d 330, 341). In adopting the market share theory, the court acted as it had in the past "to overcome the ' "inordinately difficult problems of proof" ' caused by contemporary products and marketing techniques" *(Hymowitz v Lilly & Co., supra,* at 507, quoting *Bichler v Lilly & Co.,* 55 NY2d 571, 579-580, quoting *Caprara v Chrysler Corp.,* 52 NY2d 114, 123). Thus, in *Hymowitz (supra),* the Court of Appeals, in a products liability action, substituted the theory of market share for the requirement of identification of the exact defendant whose product injured the plaintiff *(Hymowitz*

*v Lilly & Co., supra,* at 504, 511-512). Under that theory defendants' liabilities will be apportioned "according to their total culpability in marketing DES for use during pregnancy" *(Hymowitz v Lilly & Co., supra,* at 512).

Previously, the Court of Appeals had modified the rules of liability in personal injury actions to overcome the difficult problems of proof in products liability cases, by establishing the principle of strict products liability *(see, Codling v Paglia, supra).* In doing so, it did not create a new equitable cause of action. Products liability actions remain actions at law and are triable by jury. The modification of a common-law cause of action does not remove it from the constitutional protection of trial by jury. The right to trial by jury is not limited to those instances for which it was actually used before 1777, but it extends to new types of cases that are analogous to those traditionally tried by jury (73 NY Jur 2d, Jury, § 5; *Colon v Lisk,* 153 NY 188; *Independent Church of Realization of Word of God v Board of Assessors,* 72 AD2d 554). Even though the theories of liability have changed, products liability actions, by constitutional mandate, are triable by jury because they are analogous to the common-law cause of action for money damages for personal injury. The *Hymowitz* case *(supra)* represents but one further modification and liberalization of the common law and does not change the essential nature of plaintiffs' causes of action as causes of action to recover money damages for personal injury.

Not only is a trial by jury of the issues in this action constitutionally required because actions of such nature were triable by jury before 1777, but it is also required because, before 1894, the Legislature provided for the right to a jury trial of an "issue of fact" in "[a]n action to recover a sum of money only" (Code Civ Pro § 968 [1] [L 1876, ch 448, § 968]). That provision was continued, in substance, in Civil Practice Act § 425 and is now embodied in CPLR 4101 (1), which provides that "the issues of fact shall be tried by a jury" in "an action in which a party demands and sets forth facts which would permit a judgment for a sum of money only". Clearly, in their personal injury causes of action, plaintiffs demand and set forth facts which would permit a judgment for a sum of money only. Thus, because of the enactment of the Legislature before 1894, the issues in plaintiffs' causes of action are within the constitutional guarantee in article I, § 2 of the State Constitution.

■ There is no validity to Supreme Court's reasoning that,

because a "market share trial does not constitute a cause of action but is in the nature of a pre-trial proceeding that will govern the conduct of future trials", it is not triable by jury. Although the issue of market share is not a cause of action, it is an *issue* in plaintiffs' cause of action for money damages which, by constitutional and statutory mandates, is triable by jury *(see,* Code of Civ Pro § 968; CPLR 4101 [1]; *Glenn v Lancaster,* 109 NY 641, 642). The Court of Appeals did not establish a pretrial equitable procedure as part of this common-law cause of action for a sum of money only. As previously noted, the trial court merely modified the common-law action for money damages for personal injuries. Although the trial court had the power to consolidate these legal causes of action and to sever one of the issues for a separate trial (CPLR 602, 603), it did not have the right to deprive the plaintiffs of their constitutional right to a jury trial on that issue *(see,* 50 CJS, Juries, § 115, at 830-831; *Geddes v Rosen,* 22 AD2d 394, 397-398, *affd* 16 NY2d 816; *General Ins. Co. v Goldstein,* 182 Misc 419, *affd* 267 App Div 898).

For the foregoing reasons, plaintiffs are entitled to a jury trial on the severed issue of market share, which issue constitutes an integral part of their legal causes of action for a sum of money only.

LAWTON, J. (dissenting). I respectfully dissent for the reasons stated at Supreme Court. I would add only that the initial determination with respect to the percentage of market share of each defendant is, as the majority states, an alternative method of identifying the defendant whose product injured the plaintiffs. Because this is a narrow preliminary issue that involves a party's status, there is no constitutional right to a jury trial *(see, Matter of Erlanger,* 136 Misc 784, *affd* 229 App Div 778; *see also, Shippey v Berkey,* 6 AD2d 473). The right to trial by jury provided in "Section 425, C.P.A. [now CPLR 4101 (1)] relates merely to an issue of fact in the *action proper* and does not apply * * * to this preliminary issue" *(Bux v Robinson,* 199 NYS2d 619, 621, *revd on other grounds* 216 NYS2d 2, *application denied* 13 App Div 912; *see,* 73 NY Jur 2d, Jury, § 8). The court's determination of the collateral issue of market share does not compromise plaintiffs' right to a jury trial because a jury must still pass upon all the

essential elements in each of plaintiffs' causes of action, viz., defect, causation and damages.

PINE and DAVIS, JJ., concur with BOOMER, J.; LAWTON, J., dissents and votes to affirm in an opinion in which DOERR, J. P., concurs.

Order reversed, on the law, with costs, and motion granted.