### In re NEW YORK COUNTY DES LITIGATION.

Supreme Court of the State of New York, New York County

### In re DES CASES.

United States District Court, Eastern District of New York

Index No. 40000–90.
No. CV 91–3784
Misc. No. 91–456.

United States District Court, E.D. New York.

New York State Supreme Court, County of New York.

Jan. 8, 1992.

## APPOINTMENT OF SPECIAL MASTER/REFEREE

WEINSTEIN, District Judge, and IRA GAMMERMAN, Supreme Court Justice.

Plaintiffs claim injuries from their mothers' exposure to diethylstilbestrol (DES) from the 1940s through 1971. Defendants were manufacturers and distributors of DES. Cases pending in the state Supreme Court have been assigned to Justice Ira Gammerman. Cases pending in the federal district court have been assigned to Judge Jack B. Weinstein.

This major litigation has now matured. Little in law concerning general liability remains in doubt. *See generally Enright v. Eli Lilly & Co.*, 77 N.Y.2d 377, 568 N.Y.S.2d 550, 570 N.E.2d 198 (no cause of action by third-generation DES daughters against manufacturers), *cert. denied,* — U.S. —, 112 S.Ct. 197, 116 L.Ed.2d 157 (1991); *Besser v. E.R. Squibb & Sons,* 146 A.D.2d 107, 539 N.Y.S.2d 734 (App.Div. 1st Dep't 1989) (foreign statute of limitations, if shorter than New York statute, must apply where cause of action accrues outside New York), *aff'd,* 75 N.Y.2d 847, 552 N.Y.S.2d 923, 552 N.E.2d 171 (1990); *Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 541 N.Y.S.2d 941, 539 N.E.2d 1069 (adopting national market share liability in DES

cases), *cert. denied,* 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 338 (1989); *Kaufman v. Eli Lilly & Co.,* 65 N.Y.2d 449, 492 N.Y.S.2d 584, 482 N.E.2d 63 (1985) (collateral estoppel applicable to negligence issues but not to concerted action theory); *Bichler v. Eli Lilly & Co.,* 55 N.Y.2d 571, 450 N.Y.S.2d 776, 436 N.E.2d 182 (1982) (upholding jury verdict on concerted action theory, overruled by *Hymowitz*); *In re DES Market Share Litig.,* 171 A.D.2d 352, 578 N.Y.S.2d 63 (App.Div. 4th Dep't) (right to a jury in market share trial); *In re New York County DES Litig.,* 171 A.D.2d 119, 575 N.Y.S.2d 19 (App.Div. 1st Dep't 1991) (subpoenas should not have been quashed requesting information on practice of providing DES manufactured by certain defendant in certain locality); *In re New York County DES Litig.,* 168 A.D.2d 50, 570 N.Y.S.2d 802 (App.Div. 1st Dep't 1991) (affirming case management order of Gammerman, J.); *Wind v. Eli Lilly & Co.,* 164 A.D.2d 885, 559 N.Y.S.2d 561 (App.Div. 2nd Dep't 1990) (delaying plaintiffs' request for information relating to appearance of defendant's packaging of DES); *Altesman v. Eli Lilly & Co.,* 164 A.D.2d 876, 559 N.Y.S.2d 563 (App.Div. 2nd Dep't 1990) (same); *Anderson v. Eli Lilly & Co.,* 158 A.D.2d 91, 557 N.Y.S.2d 981 (App.Div. 3rd Dep't 1990) (husband's consortium claim for loss of ability to have natural children properly dismissed), *aff'd,* 79 N.Y.2d 797, 580 N.Y.S.2d 168, 588 N.E.2d 66 (1991); *Clark v. Abbott Laboratories,* 155 A.D.2d 35, 553 N.Y.S.2d 929 (App.Div. 4th Dep't 1990) (effect of revival statute); *Greene v. Abbott Laboratories,* 148 A.D.2d 403, 539 N.Y.S.2d 351 (App.Div. 1st Dep't 1989) (same); *Tigue v. E.R. Squibb & Sons,* 139 A.D.2d 431, 526 N.Y.S.2d 825 (App.Div. 1st Dep't 1988) (complete trial record should be developed on issue of concerted action), *cert. denied sub nom. Rexall Drug Co. v. Tigue,* 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 338 (1989); *Schaeffer v. Eli Lilly & Co.,* 113 A.D.2d 827, 493 N.Y.S.2d 501 (App.Div. 2nd Dep't 1985) (collateral estoppel applies to issues of medical effects and manufacturers' inadequate testing, but not to issue of proximate cause); *Helmrich v. Eli Lilly & Co.,* 89 A.D.2d 441, 455

N.Y.S.2d 460 (App.Div. 4th Dep't 1982) (hospital may seek contribution from manufacturer); *Bichler v. Willing*, 58 A.D.2d 331, 397 N.Y.S.2d 57 (App.Div. 1st Dep't 1977) (plaintiff's claim against dispensing pharmacist properly dismissed); *see also Sandberg v. White Laboratories*, 871 F.2d 3 (2d Cir.1989) (N.Y. revival statute, although applicable to DES, does not apply to DEN, a similar synthetic estrogen compound); *Clark v. Eli Lilly & Co.*, 725 F.Supp. 130 (N.D.N.Y.1989) (husband's consortium claim properly dismissed where wife's injuries occurred before marriage).

Only the issue of relative market share, now before Justice James B. Kane (but previously litigated in California), and the details of individual claims require resolution. The attorneys representing the parties have the requisite skill and experience to negotiate a fair settlement without further trials. These cases can and should be settled now on terms fair to both the plaintiffs and defendants.

Individual trials of the hundreds of pending DES cases would require more than fifty judge-years and thousands of jurors. Delays would adversely affect plaintiffs who have not had speedy dispositions of their claims; add to the costs of defendants, both in heavy jury verdicts and unnecessary transactional costs in discovery, trials and appeals; unnecessarily burden jurors, witnesses and parties; and require large expenditures of court resources which are in short supply and are required for other purposes, including criminal trials.

Accordingly, the Supreme Court of the State of New York and the United States District Court jointly appoint Kenneth R. Feinberg, Esq., as Referee and Special Master for DES cases. His appointment as a Referee is made pursuant to sections 4301 *et seq.* of the New York Civil Practice Law and Rules and as Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure. The powers of Settlement Master and Referee are for relevant purposes equivalent. The shared problems of the two court systems and the litigants requires a joint appointment and close cooperation between the state and federal courts.

Mr. Feinberg has special expertise, competence, and experience as a Special Master and Referee. He will assist the parties and the courts in promptly settling these cases subject to further orders of the courts. Fees will be based upon rates and procedures approved in *In re Joint Eastern & Southern Dists. Asbestos Litig., In re New York City Asbestos Litig.*, 129 F.R.D. 434, 435 (E.D.N.Y.1990).

The parties are directed to meet forthwith with Mr. Feinberg. They will assist him and each other in the prompt disposition of these cases without trial. The courts reserve the power to take such further steps as may appear to be desirable.

SO ORDERED.