789 F.Supp. 548 (1992)
In re DES CASES.
Angela SILVERI, Plaintiff,
v.
The ABBOTT LABORATORIES, American Pharmaceutical Co., Beecham Laboratories, Boehringer Ingelheim Pharmaceuticals, Inc., Boyle & Co. Pharmaceuticals, Burroughs-Wellcome & Co., Inc., Carnrick Laboratories, Inc., previously known as G.W. Carnrick Co., Inc., Chase Chemical Co., Chromalloy American Corp., Cooper Holdings, Inc., previously known as Cooper Laboratories, Dart Industries, Inc., previously known as Rexall Drug Co., Inc., the Dexter Corp., successor in interest of Invenex Laboratories, Emons Industries, Inc., Key Pharmaceuticals, Kremers-Urban Co., now known as Mequon Co., Lannett Co., Inc., Eli Lilly and Co., Lincoln Laboratories, Inc., Malinckrodt, the S.E. Massengill Co., McNeilab, Inc., Merck & Co., Inc., Merrell Dow Pharmaceuticals, Inc., Premo Pharmaceutical Laboratories, Inc., previously known as Lemmon Co. of N.J., Inc., *549 Rite Aid Corp., Rorer Group, Inc., Rowell Laboratories, Inc., Schering Corp., Solvay Pharmaceuticals, Inc., formerly known as Reid-Provident Laboratories, Inc., Stanley Drug Products, Inc., a division of Sperti Drug Corp., E.R. Squibb & Sons, Inc., the Upjohn Company, West-Ward, Inc., now known as Industrial Way Liquidating Corp., White Laboratories Corp., Defendants.
No. CV 91-4986.
United States District Court, E.D. New York.
April 10, 1992.
Leonard L. Finz, Stuart Finz, Gregory Green, Law Offices of Leonard L. Finz, P.C., New York City, for plaintiff.
Robert D. Wilson, Jr., Patterson, Belknap, Webb & Tyler, New York City, for defendants Abbott Laboratories and McNeilab, Inc.
Edward Patrick Reardon, Staten Island, N.Y., for defendant American Pharmaceutical.
John Budlong, Stafford Frey Cooper & Stewart, Seattle, Wash., and Richard J. O'Keefe, O'Keefe, Kline & McCaffrey, White Plains, N.Y., for defendant Boehringer Ingelheim Pharmaceuticals.
Emmett J. Ganz, Law Offices of Emmett J. Ganz, Beverly Hills, Cal., and Charles M. McCaghey, Ryan, Ryan, Johnson, Clear & DeLuca, Stamford, Conn., for defendant Boyle & Co.
George I. Greene, Leslie McHugh, Lester Schwab Katz & Dwyer, New York City, for defendants Burroughs-Wellcome & Co. and Merrell Dow Pharmaceuticals.
Margaret M. Johnson, Martin, Clearwater & Bell, New York City, for defendant Carnrick Laboratories.
Carro, Spanbock, Kaster & Cuiffo, New York City, for defendant Chase Chemical.
Vincent J. Aceste, Sally A. Zullo, David E. Worby, P.C., White Plains, N.Y., for defendant Cooper Laboratories.
A. Edward Grashof, Sheila Annmarie Moeller, Winthrop, Stimson, Putnam & Roberts, New York City, for defendants Dart Industries and Rexall Drug Co.
Richard Bakalor, Quirk & Bakalor, P.C., New York City, for defendant Dexter Corp.
Eric D. Statman, Anderson, Kill, Olick & Oshinsky, New York City, for defendant Emons Industries.
Henry R. Simon, White Plains, N.Y., for defendants Key Pharmaceuticals and West-Ward, n/k/a Industrial Way Liquidating Corp.
*550 Mark G. Lionetti, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for defendant Kremers-Urban Co.
Solin, Breindel & Berger, Albany, N.Y., for defendant Lannett Co.
Russel H. Beatie, Jr., Charna L. Gerstenhaber, Kenneth King, Brown & Wood, New York City, for defendant Eli Lilly and Co.
John Sullivan, Michael Yoeli, Gordon & Silber, P.C., New York City, for defendant Lincoln Laboratories.
Gwen Pollack, Laurence V. Senn, Jr., Mudge Rose Guthrie Alexander & Ferdon, New York City, for defendant Malinckrodt.
Theodore V.H. Mayer, Hughes Hubbard & Reed, New York City, for defendant Merck & Co.
Edward S. Weltman, Schneck Weltman Hashmall & Mischel, New York City, for defendants Premo Pharmaceuticals Laboratories and Chromalloy American Corp.
David P. Schaffer, Kelly, Tobias & Turner, New York City, for defendant Rhone-Poulenc Rorer Pharmaceuticals (sued herein as Rorer Group).
John M. Byrne, Elizabeth MacEwen, McMahon, Martine & Merritt, New York City, for defendant Rite Aid Corp.
John C. Maloney, Jr., Sheryl Schwartz, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., for defendant SmithKline Beecham Corp. (sued herein as Beecham Laboratories and S.E. Massengill Co.).
Peter L. Herb, Gladstein & Isaac, New York City, for defendants Solvay Pharmaceuticals, successor in interest of Reid-Provident Laboratories, and Rowell Laboratories.
Marc S. Klein, William B. Korman, Sills Cummis Zuckerman Radin Tischman Epstein & Gross, New York City, for defendant E.R. Squibb & Sons.
Dorothy A. Phillips, Rivkin, Radler & Kremer, Uniondale, N.Y., for defendant Stanley Drug Products.
David M. Covey, Sedgwick, Detert, Moran & Arnold, June A. O'Hea, Jay P. Mayesh, William A. Rome, Stroock & Stroock & Lavan, New York City, for defendant The Upjohn Co.

MEMORANDUM AND ORDER
WEINSTEIN, District Judge.
Plaintiff Angela Silveri, who is allegedly suffering from adenocarcinoma, moves for permission to introduce proof to show that Eli Lilly and Co. ("Lilly") is responsible for the defective design of DES. Sage v. Fairchild-Swearingen Corp., 70 N.Y.2d 579, 523 N.Y.S.2d 418, 517 N.E.2d 1304 (1987). In Sage, an airline employee was injured by a ladder hanger. The hanger was a copy made by the third-party defendant's employees when the original broke. The New York Court of Appeals held that the original manufacturer could be liable on a design defect theory because
in fabricating and installing a new part [the third-party defendant]'s employees ... did no more than perpetuate defendant's bad design....
Sage, 70 N.Y.2d at 586-87, 523 N.Y.S.2d 418, 517 N.E.2d 1304.
Plaintiff argues that the "Sage rule" should apply to Lilly because Lilly was mainly responsible for developing the use of DES in pregnancy. Applying the Sage rule would permit the plaintiff to escape from the Hymowitz rule limiting recovery against Lilly to its share of the market. See Hymowitz v. Eli Lilly and Co., 73 N.Y.2d 487, 541 N.Y.S.2d 941, 539 N.E.2d 1069, cert. denied, 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 338 (1989).
The Hymowitz court held that where a plaintiff is unable to identify the manufacturer or manufacturers of the DES which injured her, the defendants are severally liable under a market share theory. 73 N.Y.2d at 511-12, 523 N.Y.S.2d 418, 517 N.E.2d 1304. No other theory is available. Sage was decided two years before Hymowitz, so it must be assumed that the Court of Appeals was aware of the earlier case. Cf. Michael B. Gallub, Limiting the Manufacturer's Duty for Subsequent Product Alteration: Three Steps to a Rational Approach, 16 Hofstra L.Rev. 361 (1988) (questioning whether Sage can be extended to drug design). While plaintiff's *551 arguments are cogent, this court is bound by the decisions of the New York Court of Appeals under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
Angela Silveri also urges this court to permit her to proceed on a concert of action theory. As with plaintiff's arguments under Sage, the motion must be denied in light of the Court of Appeals' Hymowitz decision. The Court of Appeals there explicitly considered and rejected the concert of action theory in DES cases. It wrote:
Now given the opportunity to assess the merits of this theory, we decline to adopt it as the law of this State.... [I]nferring agreement from the fact of parallel activity alone improperly expands the concept of concerted action beyond a rational or fair limit....
Id. 73 N.Y.2d at 508, 541 N.Y.S.2d 941, 539 N.E.2d 1069. The New York Court of Appeals explicitly rejected one of its earlier cases, Bichler v. Eli Lilly and Co., 55 N.Y.2d 571, 584, 450 N.Y.S.2d 776, 436 N.E.2d 182 (Ct.App.1982), in which concert of action had become the law of the case only because the defendant failed to object to the jury instructions. See Hymowitz, 73 N.Y.2d at 508, 541 N.Y.S.2d 941, 539 N.E.2d 1069; see also Rubel v. Eli Lilly and Co., 1991 WL 29895 (S.D.N.Y.1991) (concert of action theory cannot be applied where there is no proof that two defendants were the only ones who could have produced the drug plaintiff took); In re New York County DES Litigation, 168 A.D.2d 50, 53, 570 N.Y.S.2d 802, 804 (App. Div. 1st Dep't) (affirming case management order of Gammerman, J. which rejected concert of action, based on Hymowitz and stare decisis), appeal dismissed, 79 N.Y.2d 822, 580 N.Y.S.2d 201, 588 N.E.2d 99 (1991). See generally Comment, Overcoming the Identification Burden in DES Litigation: The Market Share Liability Theory, 65 Marq.L.Rev. 609, 618 (1982); Note, DES: Judicial Interest Balancing and Innovation, 22 B.C.L.Rev. 747, 759-60 (1981). See also Morton v. Abbott Labs., 538 F.Supp. 593, 596-97 (M.D.Fla.1982) (concert of action in non-identification cases not sustainable under Florida law); Payton v. Abbott Labs., 512 F.Supp. 1031, 1037-38 (D.Mass.1981) (same reasoning under Massachusetts law); Ryan v. Eli Lilly and Co., 514 F.Supp. 1004, 1016-17 (D.S.C.1981) (same under North and South Carolina law); Sindell v. Abbott Labs., 26 Cal.3d 588, 606, 607 P.2d 924, 933, 163 Cal.Rptr. 132, 141 (same under California law), cert. denied, 449 U.S. 912, 101 S.Ct. 285, 66 L.Ed.2d 140 (1980); Smith v. Eli Lilly and Co., 173 Ill.App.3d 1, 27-28, 122 Ill.Dec. 835, 852, 527 N.E.2d 333, 350 (Ill.App.1988) (same under Illinois law), rev'd on other grounds, 137 Ill.2d 222, 148 Ill.Dec. 22, 560 N.E.2d 324 (Sup.Ct.1990); Zafft v. Eli Lilly and Co., 676 S.W.2d 241, 245 (Sup.Ct.Mo. 1984) (en banc) (same under Missouri law); Lyons v. Premo Pharmaceutical Labs., 170 N.J.Super. 183, 194, 406 A.2d 185, 191 (App.Div.) (same under New Jersey law), certif. denied, 82 N.J. 267, 412 A.2d 774 (1979); Burnside v. Abbott Labs., 351 Pa.Super. 264, 282-83, 505 A.2d 973, 983 (Pa.Super.1985) (same under Pennsylvania law), appeal denied, (1986); Martin v. Abbott Labs., 102 Wash.2d 581, 689 P.2d 368, 379 (Sup.Ct.1984) (en banc) (same under Washington law); Collins v. Eli Lilly and Co., 116 Wis.2d 166, 342 N.W.2d 37, 46-47 (Sup.Ct.) (same under Wisconsin law), cert. denied sub nom. E.R. Squibb & Sons v. Collins, 469 U.S. 826, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984). But see Abel v. Eli Lilly and Co., 418 Mich. 311, 343 N.W.2d 164 (material disputes of fact so that summary judgment inappropriate on concert of action claim under Michigan law), cert. denied sub nom. E.R. Squibb & Sons v. Abel, 469 U.S. 833, 105 S.Ct. 123, 83 L.Ed.2d 65 (1984).
Angela Silveri suggests that she can identify the manufacturer that produced the drug she ingested. If she can prove that she took only Lilly DES she may proceed on that factual theory. It is not precluded by Hymowitz.
*552 Plaintiff's motions to proceed on a design defect theory and on a concert of action theory are denied.
SO ORDERED.