■ REUBEN S. SEGURITAN, as Executor of CHRISTETA B. SANTIAGO, Deceased, Respondent, v NORTHWEST AIRLINES, INC., Appellant. — In an action to recover damages for wrongful death and conscious pain and suffering, defendant appeals from an order of the Supreme Court, Queens County (Calabretta, J.), dated June 1, 1981, which denied its motion seeking (1) dismissal of the complaint on the ground that it was barred by the applicable provisions of the Warsaw Convention, and (2) summary judgment in favor of defendant. Order reversed, on the law, without costs or disbursements, summary judgment granted, and complaint dismissed. Plaintiff's decedent is alleged to have suffered a heart attack, while she was a passenger on defendant's Flight No. 003 from New York to Manila on May 23, 1976. It is contended that as a result of the failure of defendant's employees to provide medical assistance, the decedent's condition deteriorated to such an irreversible state by the time of arrival in Manila, that emergency care at a hospital there was futile, and she died on May 26, 1976. Plaintiff filed a copy of the summons with the Queens County Clerk on May 19, 1978 and thereafter, on June 30, 1978, served a summons and complaint upon defendant, pursuant to CPLR 203 (subd [b], par 5). The flight in question was indisputably an international flight within the terms of the Warsaw Convention, as supplemented by the Montreal Agreement (49 US Stat 3000, TS No. 876; US Code, tit 49, § 1502), which is a major international treaty governing the rights and responsibilities of passengers, shippers and carriers in certain aspects of international air transportation (*Rosman v Trans World Airlines,* 34 NY2d 385; *Kahn v Trans World Airlines,* 82 AD2d 696). The convention's primary objective was to establish uniform rules relating to air transportation documents and to limit the liability of air carriers in the event of an accident (*Rosman v Trans World Airlines, supra; Eck v United Arab Airlines,* 15 NY2d 53; *Kahn v Trans World Airlines, supra*). Where the international flight falls within the convention "then the Convention has automatic full impact, by its own terms" (*Ross v Pan Amer. Airways,* 299 NY 88, 97, cert den *sub nom. Froman v Pan Amer. Airways,* 349 US 947; see, also, *Egan v Kollsman Instrument Corp.,* 21 NY2d 160, cert den *sub nom. American Airlines v Egan,* 390 US 1039). Article 17 of the convention states that: "The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." The incident in question is clearly an "accident" within the meaning of article 17. The "accident" is not the heart attack suffered by the decedent. Rather, it is the alleged aggravation of decedent's condition by the negligent failure of defendant's employees to render her medical assistance. This is somewhat analogous to the hijacking cases where the "accident" which caused the injury is not the act of the hijackers but the alleged failure of the carrier to provide adequate security (see *Rosman v Trans World Airlines, supra*). Thus,

this case falls squarely within the terms and conditions of the convention. Article 29 of the convention states: "(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped. (2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted." We recently held in *Kahn v Trans World Airlines* (*supra*) that this time limitation is a condition precedent which bars the right to bring a suit if the action is not commenced within two years. Under subdivision (2) of article 29, one must look to the law of the court to which the case is submitted to determine the manner in which the action is commenced. In New York an action is commenced by service of a summons (CPLR 304). Here the summons was not served until June 30, 1978, more than two years after the date of arrival at the destination. Plaintiff's reliance on CPLR 203 (subd [b], par 5) is misplaced. That section provides that a claim may be interposed for purposes of satisfying a Statute of Limitations by, *inter alia*, filing a copy of the summons with the county clerk in the appropriate county, and thereafter, within 60 days, serving the summons and complaint on the defendant (see *Arce v Sybron Corp.*, 82 AD2d 308). Claim interposition is relevant only for purposes of determining whether the Statute of Limitations has been complied with. It has no effect on compliance with a condition precedent. In order to satisfy the condition precedent in article 29 of the convention, plaintiff was required to commence the action by service of the summons within two years (CPLR 304). The commencement of the action here was untimely, and accordingly, the complaint must be dismissed. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.