KATHLEEN CLARK, Respondent, v ABBOTT LABORATORIES et al., Defendants, and E.R. SQUIBB & SONS, INC., et al., Appellants. (Appeal No. 3.)

Fourth Department, March 16, 1990

## APPEARANCES OF COUNSEL

*Allen, Lippes & Shonn (Kimberly J. Czapranski* of counsel), for respondent.

*Maloney, Gallup, Roach, Brown & McCarthy, P. C. (Brian Sutter* and *Daniel T. Roach* of counsel), for Merrill Dow Pharmaceuticals, Inc., appellant.

*Simpson, Thacher & Bartlett (Andrew S. Amer* and *Thomas C. Rice* of counsel), for Winthrop Pharmaceuticals, appellant.

*Phillips, Lytle, Hitchcock, Blaine & Huber (Alexander C. Cordes* of counsel), for E.R. Squibb & Sons, Inc., appellant.

*Harter, Secrest & Emery (Bruce Hansen* of counsel), for Abbott Laboratories, appellant.

*Lester, Schwab, Katz & Dwyer (Alexander C. Cordes* of counsel), for Burroughs Wellcome Co., USA, Inc., appellant.

*Winthrop, Stimson, Putnam & Roberts (Alexander C. Cordes, A. Edward Grashoff* and *Sheila Moeller Fessler* of counsel), for RXDC, Inc., appellant.

*Sedgwick, Detert, Moran & Arnold (Alexander C. Cordes* of counsel), for The Upjohn Co., appellant.

*Greene, Hershdorfer & Sharpe (John L. McGolderick, John J. Dee, John F. Brenner* and *Jonathan B. Fellows* of counsel), for Eli Lilly & Co., appellant.

*Bond, Schoeneck & King (John L. McGolderick* of counsel), for Merck & Co., Inc., appellant.

**OPINION OF THE COURT**

BALIO, J.

■ The issue on this appeal is whether the one-year time period for commencement of actions under the toxic tort revival statute (L 1986, ch 682, § 4) is a Statute of Limitations or a condition precedent. We hold that the time period is a Statute of Limitations and that the period may be extended by compliance with CPLR 203 (b) (5).

Plaintiff Kathleen Clark was born in 1958. She allegedly sustained serious personal injuries by reason of her *in utero* exposure to diethylstilbestrol (DES). This action was commenced against 11 manufacturers of DES by delivering copies of the summons and complaint to the Broome County Sheriff on July 29, 1987, and by personal service upon all of the defendants on either September 18 or 23, 1987. Following joinder of issue, several defendants moved and cross-moved for summary judgment dismissing the complaint upon numerous grounds, most of which have been resolved by the Court of Appeals decision in *Hymowitz v Lilly & Co.* (73 NY2d 487). This appeal is from an order denying defendants' application for summary judgment on the ground that delivery to the Sheriff did not extend the time period set forth in the revival statute.

The toxic tort revival statute provides that the claims of persons who had been injured by the latent effects of exposure to five substances, including DES, that were time barred or had been dismissed previously because the Statute of Limitations had expired are "hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act" (L 1986, ch 682, § 4). The statute took effect on July 30, 1986. The summons and complaint in this action were delivered to the Sheriff within the one-year period, and defendants were personally served within the 60-day period provided for by CPLR 203 (b) (5). Personal service upon defendants was not made, however, within the one-year period set forth in the revival statute. Defendants contend that commencement of a revived action within the one-year period is a condition precedent and that delivery to the Sheriff cannot operate to extend the one-year period. Supreme Court rejected this argument, and we affirm.

We begin our analysis by noting that CPLR 203 (b) (5) operates to extend a statutory period of limitations for the service of a summons, but it does not extend a time period

which constitutes a condition precedent *(see, Seguritan v Northwest Airlines,* 86 AD2d 658, *affd* 57 NY2d 767; *Savino v Demiglia,* 133 AD2d 389; *S & J Deli v New York Prop. Ins. Underwriting Assn.,* 119 AD2d 652; *see also,* McLaughlin, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:7, 1990 Supp Pamph, at 61, 63).

Whether the time period expressed in a statute constitutes a condition precedent or a Statute of Limitations ultimately is a question of legislative intent *(see generally,* McLaughlin, Supp Practice Commentaries, *op. cit.,* CPLR C201:7, at 63). The Legislature has not expressed its intent on this specific issue. The Governor's Bill Jacket contains no expression of intent, and the parties have not suggested that a specific expression exists. We do note that the tort reform bill, as presented to the Governor, was entitled "AN ACT to amend the civil practice law and rules and the court of claims act, in relation to statute of limitations and liability for damages caused by the latent effects of exposure to certain substances or materials". This description, though somewhat indicative of intent, does not conclusively reveal that the Legislature intended the revival statute to be a Statute of Limitations. The language generally describes the entire tort reform package, including the enactment of a discovery-based Statute of Limitations (CPLR 214-c), and does not refer exclusively to the time period set forth in the revival section.

Also inconclusive is the Legislature's use of the phrase "provided that". Statutory and contractual provisions using similar condition precedent language ("unless") consistently have been treated as a Statute of Limitations for the purpose of applying statutory tolling provisions *(see, McKnight v City of New York,* 186 NY 35; *Conolly v Hyams,* 176 NY 403; *Hamilton v Royal Ins. Co.,* 156 NY 327). Moreover, in considering the constitutionality of revival statutes using the word "provided", courts have described the time period set forth in the revival statute as a mere extension of the Statute of Limitations *(see, Gallewski v Hentz & Co.,* 301 NY 164, 175; *Matter of McCann v Walsh Constr. Co.,* 282 App Div 444, 448-449, *affd* 306 NY 904). *Sharrow v Inland Lines* (214 NY 101, 108-109) does not compel a contrary conclusion. In *Sharrow,* the Court of Appeals found use of the language "provided that" to constitute a condition precedent. In that case, however, the conditional language applicable to the time period appeared in the same statute creating a cause of action for wrongful death (L 1847, ch 450), and the decision merely

applies the general rule, discussed *infra,* that where a time period is imposed in the same statute creating the cause of action, the period is deemed a condition precedent.

Defendants contend that by restricting the toxic tort revival statute to claims for injuries caused by exposure to five substances, the Legislature intended to ensure to manufacturers of those substances some measure of predictability and risk limitation. In their view, the revival statute was not intended as a Statute of Limitations because the application of various tolling provisions would destroy the predictability as to the number of plaintiffs. We note that the First Department has recently espoused this view *(see, Singer v Lilly & Co.,* 153 AD2d 210). We disagree.

The Legislature's restriction of the cause of injury to five substances does not compel a conclusion that it intended to similarly restrict the time limitation. The revival statute was limited to those five substances where the prejudicial effect of the exposure-based Statute of Limitations was well known to the Legislature *(see, Hymowitz v Lilly & Co.,* 73 NY2d 487, 515, *supra)* and to those "exceptional circumstances" which require that an injustice be rectified *(supra,* at 514). Moreover, as noted in *Hymowitz,* the Legislature intended to extend the benefit of the revival statute to *all* plaintiffs, regardless of whether they previously had commenced a claim or whether they had known of their exposure to the substance. That broad inclusion of plaintiffs and the overriding remedial purpose of the statute support a conclusion that the Legislature did not intend the time period to be a condition precedent.[1]

---

1. We note that two authorities have referred to the revival statute as a Statute of Limitations *(see,* Siegel, Sept. 1986 NY St L Dig, at 2, col 2; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 214-c.07, at 2-294). We are not persuaded by the dissenter's suggestion that these authorities, by stating that the revival period ends on July 30, 1987, impliedly recognize the revival period as a condition precedent. Such language amounts to no more than a calculation of the termination date of the revival period based upon a fixed beginning date. That same calculation may be made for any Statute of Limitations. For example, if a person is injured in an automobile accident on July 30, 1984, CPLR 214 in effect provides that a negligence action must be commenced by July 30, 1987. The authorities above-mentioned do not discuss whether tolling provisions can be applied to the revival period, and no implication can be drawn from the context of the authorities that they view the revival statute as a condition precedent. Indeed, Professor Siegel, in discussing whether the revival statute applied to an action commenced before the statutory period, *could* have stated that, where conditions precedent are involved, "an optimistic assumption at the price of action may be a foolish luxury" (Siegel, NY St L Dig, *op. cit.,* at 2, col 2). He did not do so,

We are not persuaded that application of this State's various tolling provisions will impose an unreasonable degree of unpredictability on defendants' liability exposure. The number of potential plaintiffs remains the same as on the date the legislation was enacted. A tolling provision does not increase the risk of exposure intended by the Legislature. Further, defendants have failed to demonstrate persuasively that, in the circumstances of the five substances, the tolling provisions will unreasonably impact upon predictability. Although the impact of the tolling effect of CPLR 203 (b) (5) was known to defendants at the time of the motion in this case, there is no revelation in the record that the provision has had a substantial impact upon the liability risk of any defendant.

We also disagree with the First Department's perception that the Court of Appeals has construed "a legislative policy of uniformity" to require that the revival statute be construed as a condition precedent (see, Singer v Lilly & Co., supra, at 216). That perception is based upon a quote from the Court of Appeals decision in Hymowitz (supra, at 515)[2] which, in our view, the First Department considered out of context. The quoted language specifically refers to a prior discussion expressing the view that the Legislature intended that all plaintiffs have the benefit of the revival statute, irrespective of whether a plaintiff could have sued under preexisting law. The quoted language pertained to the uniform treatment of plaintiffs, not to uniformity with respect to the time period. Also, this is not a case where uniformity is an overriding concern because of differing time periods in various jurisdictions (see, Seguritan v Northwest Airlines, 86 AD2d 658, affd 57 NY2d 767, supra; Kahn v Trans World Airlines, 82 AD2d 696).

In the absence of a clear expression of intent to the contrary, courts generally follow the rule that a time period imposed upon a cause of action will be regarded as a Statute of Limitations if, at the time of enactment, the cause of action was cognizable at common law or had previously been created

and in our view, his use of the term "statute of limitations" was meaningful, deliberate and consistent with our position that the revival statute is an extension of the preexisting Statute of Limitations.

2. The language quoted in the Singer decision is as follows: " '[T]he Legislature properly determined that it would be more fair for all plaintiffs to uniformly now have one year to bring their actions, rather than for the courts to begin drawing arbitrary lines transecting this area's shades of gray.' " (Singer v Lilly & Co., 153 AD2d 210, 216.)

by separate legislation *(see, Romano v Romano,* 19 NY2d 444; *S & J Deli v New York Prop. Ins. Underwriting Assn.,* 119 AD2d 652, *supra; Kahn v Trans World Airlines,* 82 AD2d 696, 699, *supra).* Where, however, the statute establishing the time period also created a new cause of action, the time period is deemed to be a condition precedent *(see, Hill v Board of Supervisors,* 119 NY 344; *S & J Deli v New York Prop. Ins. Underwriting Assn., supra; Kahn v Trans World Airlines, supra).*

The toxic tort revival statute did not create a new cause of action. As its popular name suggests, the statute revived actions that had been dismissed as time barred as well as personal injury causes of action that were time barred because the injury had not been diagnosed within the statutory period *(see, Hymowitz v Lilly & Co.,* 73 NY2d 487, 504, *supra; Besser v Squibb & Sons,* 146 AD2d 107, 115, *affd* 75 NY2d 847; *Walsh v Armstrong World Indus.,* 700 F Supp 783, 785). A Statute of Limitations, when imposed as a time bar, does not eliminate the substantive right; it merely suspends the remedy (Siegel, NY Prac § 34). The Legislature could, at any time, repeal the Statute of Limitations, and the substantive right could be enforced by an action *(Hulbert v Clark,* 128 NY 295, 298). Moreover, a cause of action may be enforced despite the time bar where a defendant waives the Statute of Limitations by failing to bring a preanswer motion for dismissal or by failing to plead the defense in his answer *(see,* CPLR 3211 [e]; Siegel, *op. cit.,* § 274).

In *Singer v Lilly & Co. (supra),* the First Department concluded that the revival statute constituted a condition precedent because the statute " 'in a sense created a new right of action' " *(supra,* at 215). We decline to adopt that position. The courts consistently have treated revival statutes as enactments which merely remove the statutory time bar and which extend the time to bring the preexisting action, not as statutes creating a new cause of action *(see, Gallewski v Hentz & Co.,* 301 NY 164, *supra; Robinson v Robins Dry Dock & Repair Co.,* 238 NY 271; *Matter of McCann v Walsh Constr. Co.,* 282 App Div 444, *affd* 306 NY 904, *supra),* and we perceive no reason to depart from that approach.[3] We conclude, therefore, that Supreme Court properly denied defendants' motions for sum-

---

**3.** *Hill v Board of Supervisors* (119 NY 344), which was cited in *Singer* does not support a contrary conclusion. In *Hill,* the Legislature enacted a special law to authorize an action to be brought against a city or county for compensation for damage to property caused by a mob or riot. The legisla-

mary judgment dismissing the complaint upon Statute of Limitations grounds.

BOOMER, J. (dissenting). I agree with the opinion of Justice Sullivan in *Singer v Lilly & Co.* (153 AD2d 210). Under the revival provision of the "Toxic Torts" statute *(see,* L 1986, ch 682, § 4), the commencement of an action on or before July 30, 1987 is a condition precedent to the revival of an action previously barred by the Statute of Limitations.

By Laws of 1986 (ch 682), the Legislature enacted what is commonly referred to as the "Toxic Torts" Law *(see,* Governor's mem on approving L 1986, ch 682, 1986 McKinney's Session Laws of NY, at 3182). Among other provisions, that chapter contains an amendment to CPLR article 2 relating to limitations of time, adding a new section 214-c, which adopted a new rule for computing the time within which actions for damages caused by exposure to toxic substances must be commenced. Under the former rule, the three-year period of limitations began to run from the date of the injury *(Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008, *cert denied* 456 US 967; *Thornton v Roosevelt Hosp.,* 47 NY2d 780). The newly enacted CPLR 214-c provides that, in the case of actions for injuries caused by exposure to toxic substances, the period of limitation shall begin to run from the date of the discovery cf the injury or from the date on which the injury could reasonably have been discovered, whichever is earlier (CPLR 214-c [2]).

To afford relief to certain injured persons whose causes of action had been time barred, chapter 682 contains a revival provision in a separate section, section 4, which was not made a part of the CPLR. Section 4 provides that every action for personal injury caused by exposure to certain named toxic substances "which is barred as of the effective date of this act * * * solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act".

Whether the one-year limitation contained in section 4 is

---

tion further provided that "[n]o action shall be maintained under the provisions of this act, unless the same shall be brought within three months after the loss or injury" (L 1855, ch 428, § 5). As the court noted, the special law was "the only authority for maintaining such an action" *(Hill v Board of Supervisors, supra,* at 346). Plaintiff's claim is a common-law action, not one maintainable solely by the same statutory authority imposing the time period.

merely a limitation of action subject to the tolling provisions of CPLR article 2, or whether it is a condition precedent to the revival of the cause of action, depends upon the legislative intent. The primary guide to legislative intent is the language of the act itself *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b]; § 94). The language of section 4 is unambiguous. By its terms, the section removes the bar of the Statute of Limitations and permits an otherwise barred action to be maintained subject to the requirement that the action be brought within a stated time. The obvious consequence of that language is that if the action is brought after that time, the action is not revived.

Moreover, the language limiting the revival is in the form of a proviso: "provided such action is commenced within one year from the effective date of this act". "The nature of a proviso has long been well understood by legislators as well as lawyers" *(Sharrow v Inland Lines,* 214 NY 101, 105).* The purpose and functioning of a proviso is to restrain the enacting clause, to take something back from the power first declared, to except something which otherwise would be within it. A statutory grant to which a proviso is annexed should be read as if no power was given other than that contained within the bounds of the proviso (McKinney's Cons Laws of NY, Book 1, Statutes § 212). Here, the proviso modifies the provisions of section 4, which revives barred causes of action, and excepts from the operation of the section actions which are not commenced within one year from the effective date of the act. Thus, where the terms of the proviso are not complied with, we must read the statutory grant providing for a revival as though no revival is effected. Compliance with the terms of the proviso, therefore, is a condition precedent to the revival of the cause of action.

The majority states that "in considering the constitutionality of revival statutes using the word 'provided', courts have described the time period set forth in the revival statute as a mere extension of the Statute of Limitations [citations omitted]". This statement is inaccurate and has no bearing on the

---

* The majority attempts to avoid the construction placed by the *Sharrow* court upon the language "provided that" by noting that the conditional language appeared in the same statute creating the cause of action. Nevertheless, when the language "provided that" was omitted in the amendment to the statute, the court deemed the change of phraseology *"of controlling importance"* (*Sharrow v Inland Lines,* 214 NY 101, 104-105; emphasis added).

issue before us. Bill drafters and legislators, in drafting and in enacting revival statutes, have customarily used the word "provided" to make exceptions to the operation of the revival and the courts have not frustrated that intent *(see, Gallewski v Hentz & Co.,* 301 NY 164, 175; *Sharrow v Inland Lines,* 214 NY 101, 105, *supra;* L 1981, ch 266, § 4).

In *Gallewski v Hentz & Co.* (301 NY 164, 171, *supra),* cited by the majority, the revival statute provided: "This act shall take effect immediately and shall apply to actions heretofore accrued or hereafter accruing and whether or not such actions have heretofore been barred by any statute of limitations, *provided, however,* that nothing herein contained shall operate to revive a cause of action heretofore barred where such revival would affect an interest in property which has resulted from the expiration of the time heretofore limited by law for the commencement of an action" (emphasis added). Another proviso contained in an amendment to the revival statute, read: *"provided, however,* that the time limited for the commencement of such action shall not hereby be extended for more than one year after the effective date of this section" *(Gallewski v Hentz & Co., supra,* at 172; emphasis added). Nothing in the opinion in *Gallewski (supra)* suggests that the court would not give effect to the language "provided that" as provisos and would not exempt from the operation of the revival statute causes of action that did not comply with the terms of the provisos.

In *Matter of McCann v Walsh Constr. Co.* (282 App Div 444, *affd* 306 NY 904), also cited by the majority, the court stated that the statutory provision extending the Statute of Limitations was not a revival statute. "The Legislature has not here attempted to revive a claim which was once complete and enforcible but which was subsequently barred by the Statute of Limitations." *(Matter of McCann v Walsh Constr. Co., supra,* at 448.) The court's subsequent discussion of the constitutionality of revival statutes, therefore, was not essential to the decision in the case. In any event, in its discussion, the court did not refer to the proviso contained in the statute in question and we can draw no inference from the language of the opinion that the court would treat the proviso as a mere extension of the Statute of Limitations rather than as a condition precedent.

In arguing that we should ignore the language of the proviso and construe it to be a Statute of Limitations rather than a condition precedent, the majority relies upon the rule

that "a time period imposed upon a cause of action will be regarded as a Statute of Limitations if, at the time of enactment, the cause of action was cognizable at common law or had previously been created by separate legislation" and "[w]here * * * the statute establishing the time period also created a new cause of action, the time period is deemed to be a condition precedent." That rule appropriately applies to that part of the statute establishing the new Statute of Limitations (see, CPLR 214-c), but it does not apply to the separate part of the statute reviving barred causes of action. At common law there was no time period limiting causes of action. The imposition by statute of a time limitation on a common-law cause of action imposes a restriction upon a preexisting right. Such a restriction does not affect the right but only the remedy. Where, however, the statute grants a right that did not previously exist, the time limitation is an integral part of the new right and " 'there is no right of action whatever independent of the limitation; a lapse of the statutory period operates * * * to extinguish the right altogether' " (Romano v Romano, 19 NY2d 444, 447).

Here, the discovery provision embodied in CPLR 214-c imposes a time limit upon the right to bring a cause of action that previously existed. Therefore, the restriction constitutes a Statute of Limitations rather than a condition precedent. The separate revival section, however, granted an important right that did not exist except for the section. It revived causes of action previously barred and permitted them to be maintained free of the defense of the Statute of Limitations. The qualification annexed to that right is the requirement that the action be brought within a specified time. Failure to meet that qualification extinguishes the right of revival altogether (see, Romano v Romano, supra, at 447). Although a Statute of Limitations which restricts a right previously unfettered is to be liberally construed (Olcott v Tioga R. R. Co., 20 NY 210; McKinney's Cons Laws of NY, Book 1, Statutes § 315), a statute which revives a cause of action previously barred is an extreme exercise of legislative power (Hopkins v Lincoln Trust Co., 233 NY 213, 215) and should be narrowly construed (Singer v Lilly & Co., supra).

Another indication of the legislative intent is the fact that the Legislature did not incorporate the revival provisions of section 4 into CPLR 214-c nor into any part of the CPLR. In Sharrow v Inland Lines (supra, at 105), the court, in concluding that a time limitation was not a condition precedent, gave

weight to the fact that the limitation appeared, "not in a separate statute, but in a general statute designed to be a permanent part of our system of jurisprudence." Here, if the Legislature intended the proviso contained in the revival section of chapter 682 to be construed as a Statute of Limitations, it could have included that section in CPLR article 2 governing Statutes of Limitation. Instead, it placed the proviso in a separate section not designed to be a permanent part of our jurisprudence.

The intent of the Legislature may also be ascertained by an examination of similar statutes previously enacted. In 1981, the Legislature enacted the "Agent Orange" statute which applied a discovery rule in computing the time within which Vietnam War veterans could bring actions for injuries from exposure to phenoxy herbicides (L 1981, ch 266). The time limitation of that statute was added as new section 214-b to the CPLR. A separate section of that statute contained a revival provision which, as here, provided that such a cause of action "which is barred as of the effective date of this act because the applicable period of limitation has expired is hereby revived, and an action thereon may be commenced and prosecuted provided such action is commenced within one year of the effective date of this act." (L 1981, ch 266, § 4.) The effective date of the act was June 16, 1981. The time within which to bring the action has been extended by subsequent legislation. The latest amendment reads: "provided such action is commenced not later than June sixteenth, nineteen hundred ninety" (L 1988, ch 170, § 1, amdg L 1981, ch 266, § 4). Although the Legislature, when it first enacted the proviso, limited the revival to actions commenced within one year of the effective date of the enactment, it is apparent that it had a definite termination date in mind, not just a one-year period that could be subject to tolling. The effective date of the act was June 16, 1981 and, when in subsequent years the Legislature revived the causes of action for additional periods, it used the exact date of June 16 as the termination date. It cannot be said that, by changing the language from "one year from the effective date of this act" to the definite date of June 16, the Legislature intended any change in the effect of the proviso.

From the amendment, the intention of the Legislature in enacting the proviso is clear. The Legislature intended that the causes of action be revived provided the actions be brought before a specific date—in the original statute, June

16, 1982—one year from the effective date of the statute, and in the latest amendment—June 16, 1990. In view of the use of that specific date, assuming the Legislature does not further enlarge the revival period, it cannot seriously be contended that an action brought after June 16, 1990 will be subject to the tolling provision of the CPLR so as to effect a revival of a barred cause of action. Here, although the Legislature did not use the specific date of July 30, 1987, one year from the effective date of the "Toxic Tort" statute, there is no reason to believe, as in the case of the Agent Orange statute, that it did not intend that the revival provision should terminate on that date.

Another compelling reason not to import the tolling periods into the proviso is that the proviso, contained in section 4 of the statute, is not in the nature of a Statute of Limitations. A Statute of Limitations establishes a period of time after the accrual of a cause of action within which an action must be commenced. The starting period in determining whether a Statute of Limitations has expired is associated with the accrual of the cause of action itself and generally runs from the date when injury occurs or is discovered or when the right to make a demand for the relief is complete (see, CPLR art 2). The limitation period in section 4 does not relate to the accrual or discovery of the cause of action. Instead, the one-year period is calculated from the effective date of the statute. Section 4 does not establish a period of limitation barring causes of action within a specified time after accrual or discovery, but establishes a fixed date, July 30, 1987, on which the revival statute terminates. The tolling provisions of CPLR article 2 should not apply here to extend a fixed period of time which bears no relation to the time of accrual or discovery of the cause of action.

I note that the assertion of the majority that authorities have referred to the toxic torts revival statute as a Statute of Limitations is misleading. 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 214-c.07, cited by the majority, refers to section 4 of chapter 682 as "a special transitional provision for the statute of limitations in toxic exposure cases." Sections 2 and 3 are the provisions imposing a new Statute of Limitations calculated from the date of discovery of the injury. Section 4 is not a Statute of Limitations, but, in the language of Weinstein-Korn-Miller, is a special provision under which certain toxic tort claims "which would have been barred by the statute of limitations, are *temporarily* revived for one year after July 30,

1986, the effective date of c. 682" *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 214-c.07, at 2-294; emphasis added). Joseph McLaughlin, in his Practice Commentaries to McKinney's CPLR 214-c, recognizing that the time limitation annexed to the revival section is an integral part of the revival, states: "All such barred claims are revived for a period of one year *which means they have to be brought by July 30, 1987"* (McKinney's Cons Laws of NY, Book 7B, CPLR 214-c, at 342 [1990 Supp Pamph]; emphasis added). Although David Siegel, in his article in the New York State Law Digest (Sept. 1986, at 2, col 2) discussing the "revivor statute", cautions attorneys not to be optimistic "where the statute of limitations is concerned", there is no indication in the article that he considered that the one-year revival period is subject to extension. To the contrary, in discussing the parts of the "torts reform package", he later wrote: "Another [part] revives all previously dead 'exposure' cases, permitting them to be brought at any time *up to July 30, 1987* (the end of the one-year period following the effective date of the enactment)" (Siegel, NY Prac § 38, at 14 [1987 Pocket Part]; emphasis added). Thus, none of the authorities treat the proviso in section 4 as a Statute of Limitations.

For the foregoing reasons, I conclude that the language of the proviso indicates that the Legislature intended that the revival of barred causes of action be for a fixed and limited period, not subject to extension by the provisions of CPLR article 2. I conclude, also, for the reasons set forth in the opinion in *Singer v Lilly & Co. (supra),* that the legislative history of the statute likewise indicates an intent to limit the revival to the one-year period ending July 30, 1987.

Accordingly, I respectfully dissent and vote to reverse the order appealed from and to dismiss the complaint.

DENMAN, J. P., and DAVIS, J., concur with BALIO, J.; BOOMER, J., dissents and votes to reverse and dismiss the complaint in a separate opinion.

Order affirmed, with costs.