999 F.2d 326
 Prod.Liab.Rep. (CCH) P 13,644
CONCORDIA COLLEGE CORPORATION, a non-profit organization, Appellant,
v.
W.R. GRACE & CO., individually and as successor-in-interest
to the Zonolite Companies and Western Mineral Products
Company; W.R. Grace & Co.--Conn., individually and as
successor-in-interest to the Zonolite Companies and Western
Mineral Products Company; Carey-Canada, Inc.; Basic, Inc.;
The Celotex Corp., individually and as
successor-in-interest to Philip Carey Manufacturing Company,
Philip Carey Corporation, Briggs Manufacturing Company and
Panacon Corporation; Keene Corporation, individually and as
successor-in-interest to the Ehret Magnesia Manufacturing
Company, Baldwin-Hill Company, Baldwin-Ehret-Hill, Inc.,
Mundet Company, and Keene Building Products Corporation;
National Gypsum Company, individually and as
successor-in-interest to Gold Bond Building Products
Corporation; Pfizer, Inc., individually and as
successor-in-interest to Charles Pfizer & Company, Kelley
Island Lime & Transport Company, Gibsonburg Lime Products
Company and Basic, Inc.; United States Gypsum Company, Appellees.
 No. 92-1307.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 19, 1993.
Decided July 14, 1993.
Rehearing and Suggestion for Rehearing En Banc Denied Sept. 2, 1993.
 
 Daniel A. Speights, Hampton, SC, argued (Steven C. Lian, Minot, ND, and Jon M. Arntson, Fargo, ND, on the brief), for appellant.
 Allen W. Hinderaker, Minneapolis, MN, argued (David F. Herr and Mary R. Vasaly, Minneapolis, MN, C. Todd Koebele and Thomas M. Conlin, St. Paul, MN, Thomas H. Shiah, Sandra Wallace Napolitano, Thomas Caswell and Brooks F. Poley of Minneapolis, MN, Kell M. Damsgaard and Dennis J. Valenza of Philadelphia, PA, and Hugh V. Plunkett, III, and William D. Hittler, Minneapolis, MN, on the brief), for appellees.
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 BOWMAN, Circuit Judge.
 
 
 1
 This is an appeal from summary judgment in favor of W.R. Grace & Company; W.R. Grace & Company--Connecticut; Carey-Canada, Inc.; Basic, Inc.; Celotex Corporation; Keene Corporation; National Gypsum Company; Pfizer, Inc.; and United States Gypsum Company (collectively W.R. Grace[1]), all manufacturers of asbestos-containing building materials, on the claim of Concordia College Corporation for recovery of its abatement costs in removing asbestos from its buildings. We affirm.
 
 
 2
 Two Minnesota statutes are especially relevant here, and we begin by identifying them and their applicability to this case. The first is the statute of limitations and repose for actions arising out of construction to improve real property, and reads in pertinent part as follows:
 
 
 3
 Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, ... arising out of the defective and unsafe condition of an improvement to real property, ... shall be brought against any person ... furnishing the ... materials ... more than two years after discovery of the injury ... nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.
 
 
 4
 Minn.Stat. § 541.051(1)(a) (1992). The "repose" aspect of the statute prohibits accrual of any cause of action after ten years. Thus regardless of when the injury is discovered, that is, when the cause accrues, see id. § 541.051(1)(b), the cause will be deemed accrued no later than ten years after substantial completion of the construction (absent a showing of fraud).
 
 
 5
 The other statute that is critical to the resolution of this case is a "revival" statute for asbestos cases, enacted in 1987. Under the statute, an asbestos abatement recovery action "that would otherwise be barred before July 1, 1990, as a result of expiration of the applicable period of limitation, is revived or extended. An asbestos action revived or extended under this subdivision may be begun before July 1, 1990." Id. § 541.22(2) (1992).
 
 
 6
 Concordia filed suit under the District Court's[2] diversity jurisdiction on June 29, 1990, but the defendants in the suit were not served until July 24, 1990. The District Court granted summary judgment for the defendants, holding that Concordia's suit was barred by the statute of repose, and was not revived under section 541.22 because it was not "begun before July 1, 1990." Concordia contends that the statute of repose did not operate to bar its claim in this case and, should this Court find otherwise, that the revival statute operated to restore the action. We disagree with both propositions and affirm the judgment of the District Court.
 
 
 7
 All the buildings at issue here were "substantially completed" between 1957 and 1970, and the District Court held that Concordia's claims were barred by operation of the ten-year repose provision of section 541.051. Concordia argues that the District Court improperly applied the statute of repose retroactively to bar its suit. We review the District Court's application and interpretation of state law de novo. See Salve Regina College v. Russell, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).
 
 
 8
 Section 541.051 was enacted in 1980 in substantially its present form, but with a fifteen-year accrual period for the repose provision.[3] The Minnesota Supreme Court held in 1986 that the two-year limitations period in section 541.051 had been applied retroactively--and improperly--to bar a "claim[ ] existing when it was enacted in 1980." Lovgren v. Peoples Elec. Co., 380 N.W.2d 791, 795 (Minn.1986); see also Minn.Stat. § 645.21 (1992) ("No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."). The court did not address retroactive application of the repose provision, however, and so Lovgren is not determinative of the outcome in this case.
 
 
 9
 The exact date when Concordia discovered (or reasonably should have discovered) the injury alleged in this case is not clear from the record before us, although the District Court indicated that the need for abatement was apparent to Concordia no later than 1984. It may be that Concordia's cause of action is barred by the general six-year tort statute of limitations in effect before enactment of section 541.051 in 1980. See supra n. 3. It also is entirely possible that the cause of action is barred by the two-year statute of limitations found in the reenacted version of section 541.051, an issue the District Court specifically declined to decide. We need not remand for decision of these issues, however, as we conclude that the ten-year repose provision of section 541.051 was properly applied to this action.
 
 
 10
 In 1988, the Minnesota legislature enacted the following law (which was never codified, apparently because it was effective for only a very limited period of time after enactment):
 
 
 11
 An action originally governed by Minnesota Statutes 1976, section 541.051, based on construction that was substantially completed between September 15, 1977, and January 1, 1978, may be brought according to Minnesota Statutes 1986, section 541.051 until January 1, 1989, notwithstanding that the action would otherwise be barred by Minnesota Statutes 1986, section 541.051.
 
 
 12
 1988 Minn.Laws ch. 547, § 1 (emphasis added). The legislative note accompanying the law indicated that the law was intended to "provid[e] relief for certain individuals denied a remedy due to the unconstitutionality of a statute of limitation relating to real property improvement." Id. ch. 547. There is no reason that construction substantially completed between September 15, 1977, and January 1, 1978, would be barred by new section 541.051 before January 1, 1989, if the repose period (ten years by 1986) did not begin running until enactment of section 541.051 in 1980. See Calder v. City of Crystal, 318 N.W.2d 838 (Minn.1982) (applying section 541.051 to bar third-party action for contribution or indemnity where suit was filed in 1978 when no construction statute of limitations was in effect, and third parties were sought to be impleaded within weeks after the statute's effective date in 1980 but twenty-two years after substantial completion of the construction at issue). We believe the Minnesota legislature intended that the repose portion of section 541.051 would apply to bar actions such as this one.[4]
 
 
 13
 Concordia also argues that the statute, which applies "[e]xcept where fraud is involved," was tolled as to at least some of the defendants because they committed fraud. The District Court did not consider this argument, however, because Concordia failed to raise the issue in response to defendants' motion for summary judgment. The District Court declined to hear Concordia's evidence of alleged fraud offered after summary judgment had been granted and denied Concordia's motion, made pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the judgment.
 
 
 14
 Concordia now contends that it was lulled into inaction because W.R. Grace allegedly had neither taken the position in its briefs in support of its motion for summary judgment that class action tolling was per se inapplicable, see discussion infra, at 331-32, nor had it relied upon the two-year statute of limitations in its argument. We fail to see how W.R. Grace's alleged actions excuse Concordia's failure to raise the fraud issue. The summary judgment motion sought to throw out Concordia's suit based on operation of section 541.051. Concordia cannot now claim that it was not on notice that evidence of fraud, which might toll the statute, would be relevant in response to a motion for judgment based on operation of this statute of limitations and repose.
 
 
 15
 We review the District Court's denial of Concordia's motion to alter or amend for abuse of discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir.), cert. denied, 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988). Finding none, we affirm.
 
 
 16
 "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." Id. at 414. As the District Court correctly found, Concordia could not use a Rule 59(e) motion "to introduce new evidence that could have been adduced during pendency of the summary judgment motion.... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." Id. (citations to quoted cases omitted). The District Court did not abuse its broad discretion in concluding that Concordia was improperly attempting to raise, via a motion to alter or amend, arguments that it could have raised in response to W.R. Grace's motion for summary judgment.
 
 
 17
 Concordia's remaining arguments concern the Minnesota revival statute for asbestos abatement actions. Concordia claims its action was begun before the statutory cut-off for such actions. In the event we conclude it was not, Concordia contends the statute was tolled by a pending class action suit.
 
 
 18
 Concordia filed its action in the District Court on June 29, 1990, but did not serve the defendants until after July 1, 1990. By the plain language of the Minnesota statute, actions to be revived under section 541.22 must be "begun before July 1, 1990." Under Minnesota law, which the parties agree is applicable here to determine when this action was "begun," see Walker v. Armco Steel Corp., 446 U.S. 740, 753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980) (in a diversity action state service requirements that are an integral part of state statute of limitations apply in the absence of a conflicting federal rule), an action is not "commenced" until the defendants have been properly served. See Minn.R.Civ.P. 3.01 ("A civil action is commenced against each defendant ... when the summons is served upon that defendant...."). The issue, then, is whether "begun" means something other than "commenced" so that the action was "begun" when filed, as Concordia contends, or whether the two words have the same meaning so that the action was "begun" only when defendants were served, W.R. Grace's position. Again we review the District Court's application of state law de novo. Salve Regina College, 499 U.S. 225, 111 S.Ct. 1217.
 
 
 19
 Concordia argues that a lawsuit may have "begun" even though it has not "commenced." We agree that "commenced" is a term of art with respect to civil actions under Minnesota law and as such is defined by rule 3.01. Concordia, however, would have us ignore the ordinary meaning of "begun" as a synonym of "commenced," even though "begun" as pertinent here appears in a statute that specifies the time for beginning an otherwise barred civil action.
 
 
 20
 Concordia relies on a Minnesota eminent domain case, but we are not persuaded of its relevance here. See State by Spannaus v. Hopf, 323 N.W.2d 746 (Minn.1982). In Hopf, the court held "that a proceeding in eminent domain begins with the filing of the petition. This conclusion is mandated by the language of the lis pendens statute...." Id. at 750 (emphasis added); see also Minn.R.Civ.P. 81.01(a) & app. A (stating that eminent domain proceedings are excepted from Minnesota Rules of Civil Procedure when eminent domain statutes conflict with rules). The court did not declare this rule for all civil actions, but specifically determined this to be the legislative intent in eminent domain proceedings, since the lis pendens statute specifically indicated that eminent domain proceedings begin with the filing of the petition. Hopf's holding concerning the beginning of a proceeding is limited to eminent domain cases.
 
 
 21
 Although the Minnesota legislature might have been clearer in its intent to use "begun" as having the same meaning as "commenced," we are satisfied that it so intended. We do not believe that the legislature's inconsistent terminology leads to the conclusion that "begun" and "commenced," synonymous in ordinary use, take on divergent meanings in legal use, absent an indication of such from the legislature or the Minnesota courts. Except for Hopf, which simply gives the lis pendens statute its plain meaning, Concordia has directed our attention to no Minnesota authority recognizing a distinction between "begun" and "commenced" in either legal or ordinary use, much less in regard to the start of a civil action.
 
 
 22
 Finally, Concordia claims the cutoff date specified in the asbestos revival statute is tolled by the filing of two class actions in another federal district court. The proposed classes in both cases were all colleges and universities in the United States and thus each class included Concordia as a putative plaintiff. A proposed class action filed in federal court in South Carolina in 1986 was dismissed in 1988 on jurisdictional grounds. On July 17, 1987, another proposed class action was filed in the same court. Plaintiff moved for class certification in December 1988, and the class was conditionally certified in September 1992. Central Wesleyan College v. W.R. Grace & Co., 143 F.R.D. 628 (D.S.C.1992). (The certification issue is on interlocutory appeal to the Fourth Circuit, No. 92-2268, and oral argument was heard on April 1, 1993. A decision is pending.) Concordia claims it opted out of that action, however, by filing suit in 1990 against some of the same defendants named in the class action, alleging some of the same causes of action as in the class action for damages for asbestos abatement in campus buildings.
 
 
 23
 We make quick work of the argument that the commencement of the class actions in South Carolina within the Minnesota statutory revival period somehow is the equivalent of Concordia filing its own action in Minnesota by the deadline. We agree with Concordia that section 541.22(2) requires neither that the action be begun in Minnesota nor that it be an individual action in order to be revived. But each suit filed is independent and each is subject to the revival date. Concordia presents no authority for the argument that the timely filing of the class actions, "standing alone, met the revival statute's 1990 deadline." Brief of Appellant at 11-12.[5] Although the filing of the class actions met the deadline for those actions, it did not meet the deadline for Concordia's individual action in Minnesota.
 
 
 24
 Concordia also contends that the filing of the class actions tolled the deadline indicated in the Minnesota revival statute so that Concordia's individual action was actually timely filed within that statute. The Supreme Court has held that, "at least where class action status has been denied solely because of failure to demonstrate [the numerosity required by Federal Rule of Civil Procedure 23], the commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 552-53, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974). The Court later expanded the availability of American Pipe class action tolling of the statute of limitations to the benefit of those other than intervenors, declaring that "class members may choose to file their own suits or to intervene" after class certification has been denied. Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354, 103 S.Ct. 2392, 2398, 76 L.Ed.2d 628 (1983).[6]
 
 
 25
 The District Court held that class action tolling was inapplicable to the Minnesota revival statute here at issue, relying on Singer v. Eli Lilly & Co., 153 A.D.2d 210, 549 N.Y.S.2d 654 (1990). In Singer, the court construed a toxic tort revival statute that provided a one-year revival period for bringing actions for injuries due to latent effects of exposure to five toxic substances. The statute at issue in Singer revived an action "provided such action is commenced" within the statutory period. Id. 549 N.Y.S.2d at 656. The court concluded that the one year period was a "condition precedent, rather than a statute of limitation.... Thus, compliance with the time period is a substantive element of the cause of action." Id. Contra Clark v. Abbott Labs., 155 A.D.2d 35, 553 N.Y.S.2d 929, 933-34 (1990).
 
 
 26
 The statute here is different from the New York statute. First, the Minnesota legislature specifically referred to section 541.22 as a statute of limitations, although its effect is to provide a window of time within which otherwise time-barred actions may be begun. Minn.Stat. § 541.22(1) ("[b]y enactment of this statute of limitations"). Further, there is no provisional language requiring an action to be begun in order to be revived. See id. § 541.22(2) (stating that an action "revived or extended under this subdivision may be begun before July 1, 1990"). Thus, because of the differences between the New York statute and the Minnesota statute, the Singer analysis is not entirely apposite here.
 
 
 27
 Based on our reading of the Minnesota revival statute, we disagree with W.R. Grace's argument that filing suit is a condition precedent to revival. Nevertheless, we agree with the District Court that section 541.22 was not tolled by the filing of the class actions. The Minnesota asbestos revival statute postulates that it is "in the interest of the general public, particularly those persons who may bring claims regarding materials containing asbestos and those against whom the claims may be brought, to set a specific date by which building owners must bring a cause of action." Minn.Stat. § 541.22(1) (emphasis added). We believe it is clear that, by setting a "specific date" by which otherwise time-barred asbestos cases could be begun, the Minnesota legislature created a substantive right (to bring a cause of action otherwise barred) rather than a procedural bar. Giving the language of the revival statute its ordinary meaning, we conclude that the date within the revival statute that is the deadline for bringing the revived suit (July 1, 1990) must be strictly observed and is not subject to equitable tolling. We have not been directed to any authority, and we have not found any, that persuades us the Minnesota legislature intended a contrary result.
 
 
 28
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 W.R. Grace's counsel represented all appellees at oral argument before this Court. For that reason, for simplicity in this opinion, and because W.R. Grace is the first appellee listed on the docket, we will refer to all appellees collectively as W.R. Grace
 
 
 [2]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota
 
 
 [3]
 Prior section 541.051, enacted in 1965, was declared unconstitutional in 1977 on equal protection grounds. Pacific Indem. Co. v. Thompson-Yaeger, Inc., 260 N.W.2d 548, 555 (Minn.1977). Under Minnesota law, the statute thus was void ab initio. Lovgren v. Peoples Elec. Co., 380 N.W.2d 791, 795 n. 6 (Minn.1986). In the absence of a statute of limitations specific to improvements to real property, the general six-year statute of limitations for tort actions applied. Id. at 795
 
 
 [4]
 Although they have not addressed the retroactivity of the statute of repose per se, courts applying Minnesota law have applied section 541.051 to bar actions that would have gone forward had the repose period not started running before enactment of the statute in 1980. See, e.g., Sartori v. Harnischfeger Corp., 432 N.W.2d 448 (Minn.1988) (upholding constitutionality of section 541.051's repose provision as applied to bar an action where construction was completed in 1965 and injury occurred in 1984); Lourdes High Sch. of Rochester, Inc. v. Sheffield Brick & Tile Co., 870 F.2d 443 (8th Cir.1989) (affirming district court's application of section 541.051's repose provision to bar action where construction was completed in 1959, injury was discovered in 1984, and suit was filed in 1985); cf. Independent Sch. Dist. No. 622 v. Keene Corp., 495 N.W.2d 244 (Minn.Ct.App.), review granted, No. C7-91-234 (Apr. 20, 1993) (declining to apply the 1986 version of section 541.051, and its ten-year repose provision, to construction completed in 1970, with injury discovered in 1981 and claim filed in 1983, but indicating the fifteen-year repose provision of 1980 in effect when suit was filed in 1983 would apply)
 
 
 [5]
 This argument assumes Concordia's participation in the class actions was not barred by the two-year limitations period in section 541.051, a question we do not decide
 
 
 [6]
 We note that there is a subissue here that we do not decide because our holding makes it unnecessary that we do so. There is some question whether a putative class member can enjoy the benefits of tolling merely by opting out, even though the class action is still pending. The Supreme Court in dicta has intimated as much, even though that is not the language of American Pipe or Crown, Cork & Seal. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176 n. 13, 94 S.Ct. 2140, 2152 n. 13, 40 L.Ed.2d 732 (1974) ("Petitioner also argues that class members will not opt out because the statute of limitations has long since run out on the claims of all class members other than petitioner [suit having been filed more than eight years before this opinion]. This contention is disposed of by our recent decision in American Pipe ... which established that commencement of a class action tolls the applicable statute of limitations as to all members of the class."). But see Pulley v. Burlington N., Inc., 568 F.Supp. 1177, 1179 (D.Minn.1983) ("[W]hile a class action tolls the statute of limitations for all claims within the class action, it does not toll the limitations period for individual actions brought by members of the class while the class still exists.")