# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

---

JAMES THIGPEN,                              )
                                            )
    Plaintiff/Appellant,                )      Rutherford Circuit No. 27349
                                            )
vs.                                         )
                                            )
FIRST CITY BANK,                            )      Appeal No. 01A01-9603-CV-00095
                                            )
    Defendant/Appellee.                 )

APPEAL FROM THE CIRCUIT COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

**FILED**

**June 27, 1997**

**Cecil V. Crowson**
**Appellate Court Clerk**

THE HONORABLE DON R. ASH, JUDGE

For the Plaintiff/Appellant:              For the Defendant/Appellee:

Gregory L. Cashion                        David B. Scott
Carol R. Connor                           Nashville, Tennessee
Nashville, Tennessee


**AFFIRMED**


HOLLY KIRBY LILLARD, J.


CONCUR:


W. FRANK CRAWFORD, P.J., W.S.


ALAN E. HIGHERS, J.

**OPINION**

This case is an appeal of the trial court's denial of a Rule 60.02 motion to set aside an order of summary judgment. We affirm the decision of the trial court.

In 1986, Appellant James Thigpen ("Thigpen") entered into a partnership with Sam Neely ("Neely") to build single-family residences. Neely was to obtain financing and sell the completed homes, while Thigpen was responsible for constructing them. They began developing the Haynes Havens Estates in Murfreesboro, Tennessee. Neely purchased lot 32 in Section 1 of Haynes Havens Estates, and Thigpen began building on it. Subsequently, Thigpen sued Neely for dissolution of the partnership, a formal accounting, and damages for Neeley's alleged breach of the partnership. He also filed a notice of lien lis pendens on lot 32.

In January 1987, Neely secured a personal line of credit with Appellee First City Bank ("Bank") by giving it a deed of trust on lot 32. Later that year, the Bank foreclosed on the deed of trust, capitalizing on Thigpen's equity in the improvements to the lot. The Bank subsequently sold the property. In 1990, Thigpen sued the Bank, alleging it had breached its fiduciary duty to Thigpen, had induced Neely to breach the partnership agreement, and had caused Thigpen to lose his legal or equitable interest in lot 32. On January 12, 1995, the Bank moved for summary judgment. A hearing on the summary judgment motion was set for March 3, 1995, but Thigpen was granted an extension of time to gather additional evidence. Thigpen's counsel, Phillip Davidson ("Davidson"), concluded he could not raise a genuine issue of material fact. Davidson said that he met with Thigpen and told him it was his opinion that Thigpen did not have evidence to create a disputed material fact, and that filing a response that said otherwise could violate Rule 11 (of the Tennessee Rules of Civil Procedure). Consequently, after talking with Thigpen, Davidson did not file a response to the motion for summary judgment and did not appear for the hearing on the motion. On March 31, 1995, the trial court granted the Bank's summary judgment motion.

Thigpen subsequently retained new counsel. On April 28, 1995, he filed a motion to set aside the summary judgment, pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, on the grounds that Davidson had allegedly acted without Thigpen's agreement.[1] Thigpen's accompanying affidavit made the same allegation. On June 21, 1995, Thigpen finally filed a

---

[1]Thigpen styled the motion as a Motion to Set Aside Agreed Order. In the motion, Thigpen stated that he "did not agree to the entry of the summary judgment which was represented by his attorney, Phillip Davidson." However, there was no agreed order of judgment; summary judgment was granted by default due to Thigpen's failure to respond.

"response" to the Bank's motion for summary judgment and raised the issue of the lien lis pendens as constructive notice to the Bank of Thigpen's interest in lot 32.[2] A hearing was held on June 30, 1995, and the trial court ordered that Davidson's deposition be taken. Davidson testified in his deposition that he had kept Thigpen informed of the progress of the case, and had told Thigpen that there was not sufficient evidence to create any genuine issues of material fact and that filing a response to the Bank's motion that said otherwise could violate Rule 11. Davidson testified that he told Thigpen of his decision not to respond to the motion or appear at the hearing thereon.

On December 8, 1995, the trial court denied Thigpen's motion to set aside the summary judgment:

> In this case, Mr. Thigpen and his counsel, Mr. Davidson, had this matter continued at least once in order to file a response. Based upon the deposition of Mr. Davidson, Mr. Thigpen knew early on of Mr. Davidson's reluctance to oppose the Defendant's motion. The Court finds specifically that the Plaintiff has not shown adequate reason for his failure to take appropriate and adequate action, therefore his request to set aside the Court's Order granting summary judgment is denied.

From this decision Thigpen now appeals.

On appeal, Thigpen argues that he raised a genuine issue of material fact in his June 21, 1995 "response" to the Bank's summary judgment motion. He contends that there was a mistake on the part of Thigpen's prior counsel, Davidson, which should have justified affording Thigpen relief from the summary judgment motion. He argues that his Rule 60.02 motion should have been granted because the judgment he sought to have set aside was a default judgment. In the alternative, Thigpen contends that the trial court should have treated his Rule 60.02 motion as a Rule 59.04 motion to alter or amend a judgment, since his motion was filed before the order of summary judgment became final.

Rule 60.02 states:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time,

---

[2]The original complaint alluded to the lien lis pendens, but it was not argued in connection with the Bank's summary judgment motion. Davidson testified in his deposition that, at the time, he did not believe the lien lis pendens to be significant.

2

and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02. Rule 60.02 is appropriate for a party who seeks relief from a judgment that has become final. In this case, the order of summary judgment in favor of the Bank had not yet become final. Rule 59.04 provides "[a] motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment." Tenn. R. Civ. P. 59.04. Therefore, Rule 59.04 is appropriate for a party seeking relief from a judgment that is not yet final:

> The function of this Rule [60.02] is to give relief from *final* judgments; Rule 59, providing for motion for new trial, is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet become final.

*Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977). In Tennessee, "courts look to the substance of a motion, not its title." *Parker v. Vanderbilt Univ.*, 767 S.W.2d 412, 421 n.1 (Tenn. App. 1988); *Henson v. Diehl Machs., Inc.*, 674 S.W.2d 307, 310 (Tenn. App. 1984) (Although defendant moved to set aside default judgment under Rule 55.02, since the motion was filed before judgment became final, the motion "should be deemed a motion for a new trial under Tenn. R. Civ. P. 59 which can afford relief from a judgment because of mistake, inadvertence, surprise or excusable neglect."). Consequently, it would have been appropriate for the trial court to treat Thigpen's Rule 60.02 motion as a Rule 59.04 motion to alter or amend the judgment.

Generally, a motion for reconsideration of the granting of a summary judgment motion is "looked upon with favor" if, prior to the judgment becoming final, the plaintiff can produce material facts which are in dispute. *Schaefer by Schaefer v. Larsen*, 688 S.W.2d 430, 433-34 (Tenn. App. 1984) (". . . the party [seeking reconsideration] is only seeking that which he is basically entitled to - a first trial.")

In this case, the Bank argues that Thigpen did not raise any disputed issues of material fact prior to the judgment becoming final. Indeed, Thigpen's motion and his accompanying affidavit maintain only that Davidson acted without Thigpen's permission in allowing the summary judgment motion to proceed uncontested, an allegation which does not address the basis for the Bank's summary judgment motion. Thigpen's motion to set aside the judgment does not allude to the lien lis pendens.

Thigpen states that he raised a genuine issue of material fact in his "response" to the Bank's summary judgment motion, filed June 21, 1995. In the June 21, 1995 pleading, Thigpen argued that

3

the lien lis pendens gave the Bank notice of Thigpen's interest in lot 32 prior to its acceptance of the deed of trust to the property. However, this was not raised in Thigpen's Rule 60.02 motion to set aside the summary judgment. Rather, it was raised in his "response" to the Bank's summary judgment motion, filed almost three months after the grant of summary judgment. Subsequently, Thigpen filed pleadings regarding his Rule 60.02 motion which assert the lien lis pendens as establishing a disputed issue of material fact.

The gist of Thigpen's argument, then, is (1) Thigpen had no knowledge of Davidson's decision not to contest the Bank's summary judgment motion, and (2) regardless of Thigpen's knowledge, Davidson made a mistake in overlooking the fact that the lien lis pendens gave the Bank constructive notice and created a disputed issue of material fact.

Although Thigpen asserted that he did not give Davidson "permission" to "enter an agreed order" entering summary judgment, Davidson testified in his deposition that he kept Thigpen apprised of the progress of the case. Davidson stated that he met with Thigpen and told him that they did not have sufficient evidence to create a genuine issue of material fact, and that filing a response to the summary judgment motion that asserted that a disputed material fact existed might violate Rule 11. Davidson testified that he specifically told Thigpen of his decision not to respond to the motion or appear at the hearing on the motion. Therefore, the trial court had ample reason to conclude that Thigpen had full knowledge of Davidson's decision not to respond to the summary judgment motion.

Thigpen's second issue, that Davidson mistakenly failed to assert the lien lis pendens as creating a disputed material fact, clearly was not raised until well after the order of summary judgment became final. However, even if Davidson's alleged mistake of law were considered, it would not be sufficient basis to reverse the trial court's denial of Thigpen's motion to set aside the judgment, under Rule 60.02 or Rule 59.04. Under Rule 60.02, mistakes of law are not a basis for relief. *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985) ("If this Court were to hold that ignorance of the law is a proper ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure, it is hard to conceive how any judgment could be safe from assault on that ground."); *Algee v. State Farm Gen. Ins. Co.*, 890 S.W.2d 445, 448-49 (Tenn. App. 1994) (plaintiffs' voluntary nonsuit, taken because of mistake of law, not type of mistake contemplated by Rule 60.02(1)); *Kilby v. Sivley*, 745 S.W.2d 284, 287 (Tenn. App. 1987) ("The

4

mere fact that a lawyer is ignorant of the rules or mistakenly reads the rules is not within itself reason to invoke Rule 60.02(1), Tenn. R. Civ. P.").

Likewise, a Rule 59.04 motion to alter or amend the judgment cannot be used as a vehicle to assert legal arguments that could have been asserted prior to the grant of summary judgment. In *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326 (8th Cir. 1993), *cert. denied*, 114 S. Ct. 926, 127 L. Ed. 2d 218 (1994), summary judgment was granted in favor of the defendants, based on the statute of limitations. Shortly afterward, the plaintiff filed a motion to alter or amend the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, asserting *inter alia* that the statute of limitations was tolled because the defendants allegedly committed fraud. The trial court declined to consider this argument because the plaintiff failed to raise it during the pendency of the summary judgment motion; it was raised for the first time in the plaintiff's Rule 59(e) motion. The plaintiff's motion to alter or amend the judgment was denied, and the appellate court affirmed the denial of the motion:

> "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." . . . [Plaintiff] could not use a Rule 59(e) motion "to introduce new evidence that could have been adduced during pendency of the summary judgment motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." . . . The District Court did not abuse its broad discretion in concluding that [the plaintiff] was improperly attempting to raise, via a motion to alter or amend, arguments that it could have raised in response to [the defendant's] motion for summary judgment.

*Concordia*, 999 F.2d at 330) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.), *cert. denied*, 488 U.S. 820, 109 S. Ct. 63, 102 L. Ed. 2d 40 (1988)) (citations to cases quoted in *Hagerman* omitted). Generally, a client is accountable for the acts and omissions of his attorney. *Pioneer Investment Servs. v. Brunswick Assocs.*, 507 U.S. 380, 396, 113 S.Ct. 1489, 1499, 123 L. Ed. 2d 74 (1993). Consequently, even if Davidson made a mistake in failing to assert during the pendency of the summary judgment motion that the lien lis pendens created a material factual dispute (an issue we do not reach), the trial court did not err in declining to set aside the judgment under Rule 60.02 or Rule 59.04.

Thigpen contends that his Rule 60.02 motion should have been granted because a more liberal standard is used in determining whether or not to set aside a default judgment. *See Tennessee Dept. of Human Servs. v. Barbee*, 689 S.W.2d 863, 867 (Tenn. 1985) ("Rule 60 is construed with liberality to afford relief from a default judgment."); *Nelson v. Simpson*, 826 S.W.2d 483, 485-86

5

(Tenn. App. 1991) ("Trial courts should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside."). However, in this case, the trial court had reason to conclude that the failure to respond to the motion for summary judgment or appear at the hearing was willful, the result of a decision by Davidson, with Thigpen's knowledge. *See Barbee*, 689 S.W.2d at 866; *Nelson*, 826 S.W.2d at 485 (court may consider whether the movant's default was willful). The setting aside of a default judgment lies within the discretion of the trial court. *See Barbee*, 689 S.W.2d at 866; *Nelson*, 826 S.W.2d at 485. In this case, there was no abuse of discretion by the trial court.

The decision of the trial court is affirmed. Costs are assessed against Appellant, for which execution may issue if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**

6